Carolyn Sue **MERRITT**, Petitioner,

v.

The Honorable Stewart M. **HUNTER**, Respondent.

No. 51844.

Supreme Court of Oklahoma.

Feb. 14, 1978.

Looney, Nichols, Johnson & Hayes by Kenneth R. Coe, Oklahoma City, for petitioner.

Robert A. Jackson, Oklahoma City, for respondent.

BARNES, Justice:

The Plaintiff below, Carolyn Sue Merritt, Petitioner herein, brought this Application to Assume Original Jurisdiction and Petition for a Writ of Mandamus to disqualify

---

624

the Honorable Stewart M. Hunter, Respondent, from taking any further action in this cause for the reason that Petitioner believes that Respondent Judge is biased against her. Respondent was the regularly assigned judge to this case and has previously heard and decided several matters relating to this Petitioner and her child.

We have held in *Gee v. Security Bank & Trust Co., Enid*, 186 Okl. 477, 98 P.2d 922 (1940), and in *Williams v. Williams*, 120 Okl. 12, 249 P. 920 (1926), that the ruling of a judge in a civil cause on his own disqualification will not be reversed, except for a clear abuse of discretion. We, therefore, must determine here if Respondent Judge clearly abused his discretion when he refused to disqualify.

The circumstances that Petitioner alleges show Respondent Judge's prejudice are as follows:

While Petitioner's counsel was preparing for a habeas corpus proceeding in the State of Kansas, said counsel requested that Respondent Judge allow him to obtain certified copies of portions of the juvenile file for use in the Kansas proceedings; that Respondent refused to allow the copies to be made or to release any portion of the court file to Plaintiff's counsel; and that Respondent then voluntarily, and without being subpoenaed, traveled to Wichita, Kansas, and testified as a witness for Elly Braxton, the legal custodian of the child who is the subject of this litigation.

Respondent testified in the disqualification proceedings before him on the 20th day of December, 1977, that his testimony in Kansas was simply limited to identifying the original court file and explaining the Oklahoma law to the Kansas judge who was hearing the Writ of Habeas Corpus.

■ Although we do not doubt Respondent's good intentions in making such an appearance in the Kansas Court, we have consistently held that even though a judge personally believes himself to be unprejudiced, unbiased and impartial, he should nevertheless certify his disqualification where there are circumstances of such a nature to cause doubt as to his partiality, bias or prejudice. *Heard v. Sullivan*, 280 P.2d 708 (Okl.1955).

■ We hold that Respondent clearly abused his discretion when he refused to disqualify, and therefore grant Petitioner's Application for Mandamus directing the Respondent Judge to certify his disqualification herein.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY and DOOLIN, JJ., concur.