2013 OK 29

**ARBUCKLE SIMPSON AQUIFER PROTECTION FEDERATION OF OKLAHOMA, INC., Petitioner,**

v.

The **OKLAHOMA WATER RESOURCES BOARD**, J.D. Strong, Emily Meazell, Ford Drummond, Linda Lambert, Tom Buchanan, Bon Drake, Ed Fite, Marilyn Feaver, Rudolf John Hermann, Jason Hitch, and Richard Sevenoaks, Respondents.

No. 111,381.

Supreme Court of Oklahoma.

April 23, 2013.

Rehearing Denied June 27, 2013.

Michael C. Wofford, James R. Barnett, Oklahoma City, Oklahoma, for Petitioner.

Jerry Barnett, Oklahoma City, Oklahoma, for Respondents.

COMBS, J.

## I.

## PROCEDURE FOR MAXIMUM ANNUAL YIELD DETERMINATIONS

¶1 The proceedings in question concern the Arbuckle Simpson Aquifer Maximum Annual Yield (MAY) determination, made by OWRB on March 13, 2012. Pursuant to 82 O.S.2011 § 1020.6, once the OWRB has set a tentative maximum annual yield for a groundwater basin or subbasin, it is required to call and hold hearings at centrally located places where any interested parties shall have the right to present evidence in support or opposition to the determination of the

OWRB.[1] These hearings are to be conducted pursuant to Article II of the Administrative Procedures Act (APA) and Title 785, Chapter 4 of the Oklahoma Administrative Code.[2]

¶2 Pursuant to OAC § 785:4-3-4, the OWRB may appoint a hearing examiner, as it did in this case, to supervise, direct, preside over and conduct the hearing proceedings.[3] After the hearings are completed the hearing examiner makes a recommendation to the OWRB, which then proceeds to make a final determination as to the maximum annual yield by issuing a final order containing findings of fact and conclusions of law.[4] This final order is then subject to judicial review pursuant to Article II of the APA.[5]

¶3 Pursuant to 75 O.S.2011 § 318, any party aggrieved by a final agency order in an individual proceeding is entitled to certain, speedy, adequate and complete judicial review of the decision.[6] The reviewing court may set aside or modify the order or reverse and remand for further proceedings if it determines that the substantial rights of the appellant have been prejudiced because the agency findings, inferences, conclusions or decisions are made upon unlawful procedure.[7]

1. Title 82 O.S.2011 § 1020.6.A. provides:

A. Once the Board has set a tentative maximum annual yield for the groundwater basin or subbasin, the Board shall call and hold hearings at centrally located places within the area of the major groundwater basin or subbasin or in the county for minor groundwater basins or subbasins. Prior to such hearings being held, the Board shall make copies of such hydrologic survey available for inspection and examination by all interested persons and, at such hearings, shall present evidence of the geological findings and determinations upon which the tentative maximum annual yield has been based. Any interested party shall have the right to present evidence in support or opposition thereto. The hearings shall be conducted pursuant to Article II of the Administrative Procedures Act.

2. Title 82 O.S.2011 § 1020.6.A.; OAC 785:30-9-3, concerning Annual Yield Hearings, provides in pertinent part:

.... (d) Such hearings, if requested, will be held in accordance with the Administrative Procedures Act and Chapter 4 of this Title.....

3. OAC 785:4-3-4 provides:

(a) **Who may be Hearing Examiners.** Hearings may be conducted by authorized and designated Hearing Examiners. Any Board member, the Board Executive Director or Assistant Director, any authorized Board staff member, staff attorneys, the Attorney General or Assistant Attorney General or any other Board authorized person may serve as Hearing Examiner.
(b) **General authority of Hearing Examiners.** Hearing Examiners are authorized to supervise, direct, preside over and conduct the hearing proceedings; to make and enter interlocutory rulings; to make and enter rulings on procedural or evidentiary questions or objections; to make and enter rulings on any other motions or objections arising during the course of the hearing; and, generally, to do all things necessary and incidental to conducting and completing the hearing and all other acts authorized under this Chapter.
(c) **Assistance.** Where deemed necessary, the Hearing Examiner may designate any Board staff member to assist the Hearing Examiner in the conduct of the proceedings or to aid the Hearing Examiner in an advisory capacity.

4. OAC 785:4-9-1(a) provides:

(a) As expeditiously as possible after completion of the hearing, the Hearing Examiner shall review, consider and evaluate all matters presented and relevant to the hearing issues, and, based thereon, the Hearing Examiner shall prepare a proposed Final Order containing necessary findings of fact and conclusions of law.
Title 82 O.S.2011 § 1020.6.C. provides:
C. After such hearings are completed, the Board shall then proceed to make its final determination as to the maximum annual yield of groundwater which shall be allocated to each acre of land overlying such basin or subbasin by issuing a final order containing findings of fact and conclusions of law, which order shall be subject to judicial review pursuant to Article II of the Administrative Procedures Act.

5. Title 82 O.S.2011 § 1020.6.C.

6. Title 75 O.S.2011 § 318.A. provides:

A. 1. Any party aggrieved by a final agency order in an individual proceeding is entitled to certain, speedy, adequate and complete judicial review thereof pursuant to the provisions of this section and Sections 319, 320, 321, 322 and 323 of this title.

7. Title 75 O.S.2011 § 322 provides:

(1) In any proceeding for the review of an agency order, the Supreme Court or the district or superior court, as the case may be, in the exercise of proper judicial discretion or authority, may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it determines that the substantial rights of the appellant or petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decisions, are:

## II.

## ENSURING A FAIR HEARING

¶4 Article II of the APA specifically prohibits ex parte communications by members or employees of an agency assigned to render a decision or make findings of fact or conclusions of law in an individual proceeding. Title 75 O.S.2011 § 313 provides:

Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in an individual proceeding shall not communicate, directly or indirectly, in connection with any issue of fact, with any person or party, nor, in connection with any issue of law, with any party or his representative, except upon notice and opportunity for all parties to participate. An agency member (1) may communicate with other members of the agency, and (2) may have the aid and advice of one or more personal assistants.

Participants in hearings governed by Article II of the APA are also guaranteed a fair and impartial hearing or consideration. Title 75 O.S.2011 § 316 governs disqualification of a hearing examiner and provides in pertinent part:

A hearing examiner or agency member shall withdraw from any individual proceeding in which he cannot accord a fair and impartial hearing or consideration....

¶5 Petitioner in this cause contends that the hearing examiner appointed by the OWRB, Emily Meazell, was involved in several post-hearing *ex parte* communications with adverse parties, including representatives of the OWRB and a federal agency, the United States Geological Survey (USGS). In an affidavit included in Respondent's Appendix, the hearing officer admitted to speaking by phone with the OWRB's general counsel to inquire about assistance from the OWRB staff in locating evidence contained in the record on certain issues.[8] She further admitted to communicating with the OWRB's Staff Attorney to obtain assistance in locating the evidence mentioned above.[9] The hearing officer further acknowledged she received information from the USGS, which was forwarded to her by the OWRB's General Counsel, concerning a hydrology study of the area in question.[10] That she did not solicit this information does not change the fact that an *ex parte* communication occurred indirectly between employees of USGS, who appeared as witnesses in the proceedings, and the hearing officer.

**A. The OWRB is not a "party" to the MAY proceeding, and thus *ex parte* communications between it and the hearing officer are not prohibited.**

¶6 The OWRB is not a party to the MAY proceeding, and thus communication by the hearing officer with the OWRB is not covered by the ex parte communication prohibitions of 75 O.S.2011 § 313. This interpretation is supported by an analysis of relevant statutory provisions. Title 82 O.S.2011 § 1020.6, which is the statutory provision governing MAY proceedings generally, specifically distinguishes the OWRB, the agency

(a) in violation of constitutional provisions; or
(b) in excess of the statutory authority or jurisdiction of the agency; or
(c) made upon unlawful procedure; or
(d) affected by other error of law; or
(e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, as defined in Section 10 of this act, including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or
(f) arbitrary or capricious; or
(g) because findings of fact, upon issues essential to the decision were not made although requested.

(2) The reviewing court, also in the exercise of proper judicial discretion or authority, may remand the case to the agency for the taking and consideration of further evidence, if it is deemed essential to a proper disposition of the issue. (3) The reviewing court shall affirm the order and decision of the agency, if it is found to be valid and the proceedings are free from prejudicial error to the appellant.

8. Respondent's Appendix, Affidavit of Emily Meazell, 3.g.

9. Respondent's Appendix, Affidavit of Emily Meazell, 3.h.

10. Respondent's Appendix, Affidavit of Emily Meazell, 3.k.; Exhibit 2.

holding the hearing, from other interested persons or parties, who are entitled to present evidence in support or opposition to the OWRB's tentative MAY determination.[11]

¶ 7 Holding that the OWRB is not a party for purposes of the MAY proceeding is also consistent with 75 O.S.2011 § 250.3, which provides definitions for the APA. Title 75 O.S.2011 § 250.3(12) provides:

"Party" means a person or agency named and participating, or properly seeking and entitled by law to participate, in an individual proceeding . . .

The OWRB is not named and participating in the MAY proceeding, because it is the agency holding the proceeding. Nor would it seek to participate in the proceeding, because again, it is holding the proceeding. Other agencies or persons entitled by law to participate with an interest in the outcome could seek to participate. Further, this interpretation is consistent with the definition of individual proceeding found in 75 O.S.2011 § 250.3(8), which provides:

"Individual proceeding" means the formal process employed by an agency having jurisdiction by law to resolve issues of law or fact between parties and which results in the exercise of discretion of a judicial nature.

The agency conducting an individual proceeding resolves issues of fact and law between parties, and is not a party itself.

¶ 8 Title 75 O.S.2011 § 310, is the section of the APA which governs procedures in individual proceedings before agencies. It also maintains clear distinctions between the agency holding the proceeding and the interested parties presenting evidence. Title 75 O.S.2011 § 310(4), specifically, provides:

Notice may be taken of judicially cognizable facts. In addition, notice may be taken of generally recognized technical or scientific facts within the agency's specialized knowledge. Parties shall be notified either before or during the hearing, or by reference in preliminary reports or otherwise, of the material noticed, including any staff memoranda or data, and they shall be afforded an opportunity to contest the material so noticed. The agency's experience, technical competence, and specialized knowledge may be utilized in the evaluation of the evidence.

Agencies may take notice of facts within their specialized knowledge, and then must notify parties (distinguishable from the agency) that it has done so.

**B. Ex parte communications between the hearing officer and other agencies serving as witnesses, passed to the hearing officer through the OWRB, create the impression of partiality.**

¶ 9 In addition to communications with the OWRB, the Petitioner also alleges that the hearing officer, through the OWRB, received ex parte communications from federal agencies that appeared as witnesses during the hearing process and that the hearing officer failed to notify the parties of these communications. Regardless of whether ex parte communications between the agency and its hearing officer in the context of the MAY proceeding are permissible, and we hold they are, these communications with outside federal agencies such as the USGS are another matter.

¶ 10 The MAY proceeding in question is an adjudicative proceeding, as opposed to a rulemaking proceeding. *Texas County Irr. & Water Res. Ass'n v. Oklahoma Water Res. Bd.*, 1990 OK 121, ¶¶ 9–11, 803 P.2d 1119. When an administrative board acts in an adjudicative capacity, it functions much like a court. *Bowen v. State ex rel. Okla-*

---

11.  Title 82 O.S.2011 § 1020.6(A) provides:

A. Once the Board has set a tentative maximum annual yield for the groundwater basin or subbasin, **the Board shall call and hold hearings** at centrally located places within the area of the major groundwater basin or subbasin or in the county for minor groundwater basins or subbasins. Prior to such hearings being held, **the Board shall make copies of such hydrologic survey available for inspection and examination by** all interested persons and, at such hearings, **shall present evidence of the geological findings and determinations upon which the tentative maximum annual yield has been based. Any interested party shall have the right to present evidence in support or opposition thereto.** The hearings shall be conducted pursuant to Article II of the Administrative Procedures Act. (Emphasis added).

*homa Real Estate Appraiser Bd.*, 2011 OK 86, ¶ 15, 270 P.3d 133; *Harry R. Carlile Trust v. Cotton Petroleum*, 1986 OK 16, ¶ 10, 732 P.2d 438, *cert. denied*, 483 U.S. 1007, 107 S.Ct. 3232, 97 L.Ed.2d 738 and 483 U.S. 1021, 107 S.Ct. 3265, 97 L.Ed.2d 764 (1987).

¶ 11 Because they function much like a court when conducting adjudicative proceedings, agencies and their representatives are bound by minimum standards of due process. In *Johnson v. Bd. of Governors of Registered Dentists of State of Oklahoma*, 1996 OK 41, ¶ 32, 913 P.2d 1339, we noted:

[we have] consistently held and due process requires every litigant receive a decision that is the result of "the cold neutrality of an impartial judge." *Sadberry v. Wilson*, 441 P.2d 381, 382, 384 (Okla.1968); *Craig v. Walker*, 824 P.2d 1131, 1132 (Okla. 1992). Likewise, the Oklahoma Statutes require an agency member to "withdraw from any individual proceeding in which [the member] cannot accord a fair and impartial hearing or consideration." Okla. Stat. tit. 75, § 316 (1991). "When circumstances and conditions surrounding litigation are of such a nature that they might cast doubt and question as to the impartiality of any judgment the trial judge may pronounce, said judge should certify his disqualification." *Sadberry*, 441 P.2d at 384 (quoting *Callahan [Callaham] v. Childers*, 186 Okla. 504, 99 P.2d 126, 128 (1940)). This is an objective standard and is not dependent on the judge's belief. *Merritt v. Hunter*, 575 P.2d 623, 624 (Okla. 1978).

Even though a judge personally believes themselves to be unprejudiced, unbiased and impartial, they should nevertheless certify their disqualification when there are circumstances of such a nature to cause doubt as to their partiality, bias or prejudice. *Merritt v. Hunter*, 1978 OK 18, ¶ 5, 575 P.2d 623. This rule applies equally to administrative boards acting in an adjudicatory capacity as it does to judges. *Johnson*, 1996 OK 41 at ¶ 33, 913 P.2d 1339.

¶ 12 It is readily apparent from the record that the OWRB's hearing officer received communications and information relating to factual matters from employees of the USGS, who had appeared as witnesses for the OWRB in the proceedings, under the aegis of communications with the OWRB. These post-hearing communications were not disclosed by the hearing officer to various other parties to the adjudicative action, including the petitioner, until the filing of various open records requests.

¶ 13 These communications give rise to questions about the hearing officer's neutrality in the underlying proceeding. Title 82 O.S.2011 § 1020.6 requires the hearing not only so that the OWRB can present evidence in support of its tentative maximum annual yield determination, but also so that any interested party may present evidence in support or opposition to the determination. The hearing presents the OWRB with an opportunity to defend its decision from challengers. To then have the OWRB, which is not a party to the proceeding and thus permitted to communicate with the hearing officer, acting as a conduit for favorable witnesses to present further unchallenged testimony to the hearing officer without notice to the other parties allows one to question the hearing officer's impartiality. The goal of the proceedings should be to ensure that all parties receive a fair hearing from a neutral hearing officer, avoiding even the appearance of impropriety. If post-hearing communications from the USGS and other agencies about the record were necessary, then notice and an opportunity for all parties to participate should have been provided.

## III.

### A WRIT OF MANDAMUS IS THE APPROPRIATE REMEDY

¶ 14 Pursuant to the Okla. Const. art. 7, § 4, this Court possesses original jurisdiction over all agencies, commissions, and boards created by law. Before a writ of mandamus may be issued there must be: 1) a clear legal right vested in the petitioner; 2) refusal to perform a plain legal duty which does not involve the exercise of discretion; and 3) adequacy of the writ and inadequacy of other relief. *Draper v. State*, 1980 OK

117, ¶ 13, 621 P.2d 1142; *Witt v. Wentz,* 1930 OK 116, ¶ 7, 142 Okla. 128, 286 P. 796.

¶ 15 Our case law and the applicable statutes collectively illustrate that the parties to the MAY proceeding have a clear legal right to a hearing that is not only fair and impartial, but also avoids the appearance that fairness and impartiality are lacking. *Johnson,* 1996 OK 41 at ¶ 32, 913 P.2d 1339; *Merritt,* 1978 OK 18 at ¶ 5, 575 P.2d 623; 75 O.S.2011 §§ 313, 316. Providing a fair and impartial hearing is the plain legal duty of the OWRB, and by extension, its appointed hearing officer, and is not something subject to discretion. 75 O.S.2011 §§ 313, 316. The mandate in 75 O.S.2011 § 316 requiring that a hearing officer "**shall** withdraw from any individual proceeding in which he cannot accord a fair and impartial hearing or consideration" is a clear indication that providing a fair and impartial hearing is an affirmative duty of the hearing officer, and if they are unable to do so, they are required to withdraw. 75 O.S.2011 § 316 (emphasis added).

¶ 16 We do not hold that the hearing officer failed to provide a fair and impartial hearing during the MAY proceeding in question, and will not require her disqualification and a restart of the proceedings. However, her unsolicited ex parte communications with other agencies favoring one interpretation of the evidence lend the proceedings the appearance of not being as fair and impartial as they should be, even if those communications did nothing to actually influence the hearing officer's actions and decisions. The proper course of action to avoid even the appearance of impropriety would have been for the hearing officer to provide notice to all parties to the MAY proceeding of her ex parte communications, and to add the information she received to the record along with responses, if any, from the other interested parties.

¶ 17 A writ of mandamus compelling the hearing officer to provide notice of her ex parte communications to all parties to the MAY proceedings, and to include those communications in the record, as well as the responses of interested parties, will remedy the appearance that the hearing officer is giving undue weight in making her final recommendation to the desires of the USGS and

OWRB. The lack of due process resulting from a biased tribunal cannot be corrected on appeal. *Johnson,* 1996 OK 41 at ¶ 14, 913 P.2d 1339; *Ward v. Village of Monroeville, Ohio,* 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972). Other relief, such as an appeal after the MAY proceedings have concluded, will therefore be insufficient. The time to address allegations of bias, or the appearance of bias, on the part of the hearing officer is now. Petitioner has satisfied the necessary requirements for a writ of mandamus, and so we hereby issue a writ compelling the hearing officer to provide notice of her ex parte communications to all parties to the MAY proceeding, to disclose the contents of those communications to the parties, and incorporate those communications and responses to them into the record.

## ORIGINAL JURISDICTION IS ASSUMED; PETITION FOR WRIT OF PROHIBITION DENIED; PETITION FOR WRIT OF MANDAMUS GRANTED IN PART AND DENIED IN PART.

COLBERT, C.J., REIF, V.C.J., KAUGER, EDMONDSON, COMBS, GURICH, JJ., concur.

WATT, J., concurring in part; dissenting in part.

TAYLOR, J., with whom WINCHESTER, J., joins, dissenting.

I would deny all relief sought by the Petitioner. This administrative proceeding is in its early stage and should continue in its regular order. *Lowrey v. Hodges,* 1976 OK 132, 555 P.2d 1016; *United Airlines v. State Bd. Of Equalization,* 1990 OK 29, 789 P.2d 1305; *Estes v. ConocoPhillips,* 2008 OK 21, 184 P.3d 518; *Umholtz v. Tulsa,* 1977 OK 98, 565 P.2d 15.

WATT, J. concurring in part and dissenting in part.

¶ 1 I agree with the majority that the petitioner is entitled to an administrative hearing that is fair and impartial. Nevertheless, I depart from its conclusion that any appearance of such a proceeding can occur

absent the disqualification of the hearing officer.

¶2 In circumstances not unlike those presented here, we ordered the disqualification of the trial judge in *Miller Dollarhide, P.C. v. Tal*, 2007 OK 58, ¶20, 163 P.3d 548. In that cause, there were allegations that ex parte communications occurred with the trial judge through a third-party clerk. The Court determined that there were sufficient facts presented to cause doubt as to the trial court's impartiality. Consequently, we held that "error, if any, should be made in favor of disqualification" and that failure to disqualify "was an abuse of discretion."

¶3 In *Tal*, we stated that parties are entitled to have their causes heard by a fair and impartial judge, in a due process situation where all parties find themselves on a level playing field. Here, the "appearance" is that the communications at issue created favor of one party over the other. Therefore, I dissent to the portion of the opinion allowing the hearing officer to continue participation in the cause.