2013 OK 108

The Honorable Harry E. COATES, as a member of the Senate of the State of Oklahoma, The Honorable Emily Virgin, as a member of the House of Representatives of the State of Oklahoma, Professional Fire Fighters of Oklahoma, a not-for-profit Oklahoma corporation by and though its President Rick Beams, who also appears as an individual, Petitioners,

v.

The Honorable Mary FALLIN, in her Official Capacity only as Governor of the State of Oklahoma, The Honorable Scott Pruitt, in his Official Capacity only as Attorney General of the State of Oklahoma, Respondents.

No. 112167.

Supreme Court of Oklahoma.

Dec. 16, 2013.

As Corrected Dec. 16, 2013.

**ORDER**

¶ 1 We assumed original jurisdiction in the above styled and numbered cause on November 25, 2013 to consider a constitutional challenge to Senate Bill 1062, 2013 Okla. Sess. Laws, Ch. 208. The bill repealed the Workers' Compensation Code, 85 O.S.2011 301 *et seq.*, replacing it with the Administrative Workers' Compensation Act (Administrative Act), 85A O.S. Supp.2014 1 *et seq.* The same bill adopted the Oklahoma Employee Injury Benefit Act, 85A O.S. Supp.2014, 201, *et seq.*, allowing certain employers to adopt and administer benefit plans consistent with the Administrative Act, and the Workers' Arbitration Compensation Act, 85A O.S. Supp. 2014 301 *et seq.* providing for enforcement, and procedures and conditions governing agreements to arbitrate claims for injuries. Finally, the bill provides for the Workers' Compensation Court of Existing Claims, 85A O.S. Supp.2014 400 *et seq.*, governing claims arising before February 1, 2014.

¶ 2 We have considered the briefs filed by all interested entities and the arguments presented during oral presentation. WE DETERMINE THAT:

a) As in all causes involving constitutional challenges to statutory language, we begin with the premise that the Administrative Act is constitutional and should be upheld against a constitutional attack unless it is clearly and overtly inconsistent with the Oklahoma Constitution. *Glasco v. State ex rel. Oklahoma Department of Corrections,* 2008 OK 65, ¶ 27, 188 P.3d 177. In absence of a constitutional defect, we are duty bound to give effect to legislative acts, not to amend, repeal, or circumvent them. We will not exercise authority not vested in this Court by rewriting statutes merely because the legislation does not comport with our concept of prudent public policy. *Burrell v. Burrell,* 2007 OK 47, ¶ 17, 192 P.3d 286; *Boston Ave. Mgt., Inc. v. Associated Resources, Inc.,* 2007 OK 5, 11, 152 P.3d 880; *Head v. McCracken,* 2004 OK 84, ¶ 13, 102 P.3d 670.

b) In its wisdom, the Legislature has repealed the Workers' Compensation Code, 85 O.S.2011 301 *et seq.*, and replaced it with the Administrative Act effective February 1, 2014. The central constitutional challenge to the legislation is that the Legislature, in so doing, acted outside its constitutional authority by enacting a bill containing multiple subjects in violation of the Okla. Const., art. 5, 57. The practice is often referred to as "log-rolling" in which unpopular causes are joined with popular policies on an entirely different subject in the same legislative measure. *Fent v. State,* 2008 OK 2, ¶ 26, 184 P.3d 467. In determining whether there has been a constitutional violation of the single-subject rule, we determine whether the bill contains multiple provisions reflecting a common, closely akin theme or purpose. *Matter of Application of Oklahoma Development Finance Authority for Approval of Bonds,* 2013 OK 74, 57 6, 312 P.3d 926; *Thomas v. Henry,* 2011 OK 53, ¶ 26, 260 P.3d 1251. As all sections of the new law are inter-related and refer to a single subject, workers' compensation or the manner in which employees may ensure protection against work-related inju-

ries, we disagree with the constitutional challenge to the Administrative Act on grounds of log-rolling.

c) Barring violence to the Constitution, this Court has long recognized that the protection of employees from the hazards of their employment is a proper subject for legislative action and that, in providing such protection, the Legislature may commit the details of that defense to an entity which will, in turn, exercise the administrative power so delegated. *Stanley v. Mowery*, 1949 OK 77 [201 Okla. 480], 207 P.2d 277. The Legislature has done precisely this with the enactment of Senate Bill 1062, 2013 Okla. Sess. Laws, Ch. 208.

¶ 3 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT Senate Bill 1062, 2013 Okla. Sess. Laws, Ch. 208 is not unconstitutional as a multiple-subject bill and that the Legislature has exercised proper authority in a matter over which it has the power to act by adopting a code for the future execution of workers' compensation law in Oklahoma which comports with the Okla. Const. art. 5, 57. Until such time as a case or controversy or a justiciable issue is presented to this Court, we are without jurisdiction to rule further with regard to this Act.

¶ 4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 16TH DAY OF DECEMBER, 2013.

COLBERT, C.J., WATT, WINCHESTER, EDMONDSON, TAYLOR, COMBS (writing separately), JJ., Concur.

REIF, V.C.J. (writing separately),
GURICH, J., Concurs In Part; Dissents in Part.

KAUGER, J., Not Participating.

COMBS, J., concurring and writing separately:

¶ 1 I agree with the Court's decision that the legislation at issue does not violate the single-subject rule.

¶ 2 As the law has not yet taken effect, it is unclear exactly how these issues will manifest themselves in future cases or controversies, but it is necessary to acknowledge the constitutional problems these Acts will produce when claimants begin to receive disparate treatment in their recourse to the law based upon decisions made by their employers.

¶ 3 I write separately to express my concern that certain provisions of the Administrative Workers' Compensation Act, 85A O.S. Supp.2013 1 *et seq.,* and the Oklahoma Employee Injury Benefit Act, 85A O.S. Supp. 2013 200 *et seq.,* are unconstitutional because they provide for differential treatment in appellate procedure for claimants and therefore violate the special law prohibitions of Article V of the Oklahoma Constitution and do not provide adequate due process protections.

¶ 4 The Oklahoma Employee Injury Benefit Act (referred to by Petitioners as the Opt Out Act), 85A O.S. Supp.2013 200–213, sets out a minimum appeals process that must be available for injured workers of employers who have opted out of the new system created by Administrative Workers' Compensation Act. Section 211 requires that all employers who opt-out must provide the claimant with the ability to appeal to a committee of at least three people not involved in the original adverse benefit determination.

¶ 5 If part of the adverse benefits decision is upheld by the committee, then the claimant may file a petition for review with the Workers' Compensation Commission (Commission) sitting en banc, which must "rely on the record established by the internal appeal process and use an objective standard of review that is not arbitrary or capricious." Title *85A O.S. Supp.2013 211* (B)(6). If the Commission upholds any part of the adverse determination, the claimant may:

appeal to the Oklahoma Supreme Court by filing with the Clerk of the Supreme Court a certified copy of the decision of the Commission attached to a petition which shall specify why the decision is contrary to law within twenty (20) days of the decision being issued. **The Supreme Court may modify, reverse, remand for rehearing, or set aside the decision only if the**

**decision was contrary to law.** (Emphasis added).

Title 85A O.S. Supp.2013 211(B)(7).

¶ 6 My concern is that in addition to being somewhat nebulous, this minimum process and standard of review differs markedly from that available to claimants who are employees of an entity who has not chosen to "opt out". The controlling provision for claimants of those employers who have not opted out is 85A O.S. Supp.2013 78. Section 78(A) provides in pertinent part:

[a]ny party feeling aggrieved by the judgment, decision, or award made by the administrative law judge may, within ten (10) days of issuance, appeal to the Workers' Compensation Commission. After hearing arguments, the Commission may reverse or modify the decision **only if it determines that the decision was against the clear weight of the evidence** *or* **contrary to law.** (Emphasis applied)

85A O.S. Supp.2013 78(C) then provides in pertinent part:

[t]he judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment .. The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the Commission;

3. Made on unlawful procedure;

4. Affected by other error of law;

5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;

6. Arbitrary or capricious;

7. Procured by fraud; or

8. Missing findings of fact on issues essential to the decision.

¶ 7 A few major differences are apparent between the two appellate procedures. First, a claimant whose employer has opted out and is required to set up the minimum procedures set out in 85A O.S. Supp.2013 200–213 must make their first appeal to what is likely to be an interested party. All 211(B) requires is that no members of the three member (minimum) committee have been involved in the original adverse determination. The members may still be fellow employees, or in other words, interested parties to the dispute with a perceived presumption of partiality on the side of the employer.[1] The claimant under 211 therefore appears to be subject to differential treatment from a claimant employed by an entity that has not chosen to opt out. Pursuant to 78, the claimant whose employer has not opted out is entitled to go from an administrative law judge, to the Workers' Compensation Commission, to this Court, and along each step is entitled to the perceived presumption of an impartial reviewer. A further concern is whether adequate due process will be afforded when there is a potential for the 211 committee to be partial to the employer.

¶ 8 Section 211 replaces the administrative law judge provided for in 78 with a committee chosen by the employer. In *Arbuckle Simpson Aquifer Protection Federation of Okla., Inc. v. Okla. Water Resources Bd.*, 2013 OK 29, — P.3d —, 2013 WL 1738420, this Court stressed the importance of avoiding even the appearance of partiality in adjudicatory proceedings. In that case, the Court was concerned that a hearing officer in an administrative proceeding conducted by the Oklahoma Water Resources Board was engaged in ex parte communications with witnesses. The Court held that:

[b]ecause they function much like a court when conducting adjudicative proceedings, agencies and their representatives are

---

1. It is worth noting that the Workers' Compensation Arbitration Act, 85A O.S. Supp.2013 300 et seq., requires that arbitrators, before accepting an appointment, must disclose to the parties to the arbitration any known facts that a reasonable person would consider likely to affect the impartiality of the arbitrator in the arbitration proceed-ing. 85A O.S. Supp.2013 312. No such disclosure is required of the Committee members in 85A O.S. Supp.2013 211(B). There is no guarantee that the Committee members will be impartial at all. There is only a guarantee that they cannot have been involved in the original determination of the claim that is being appealed.

bound by minimum standards of due process..

Even though a judge personally believes themselves to be unprejudiced, unbiased and impartial, they should nevertheless certify their disqualification when there are circumstances of such a nature to cause doubt as to their partiality, bias or prejudice. *Merritt v. Hunter,* 1978 OK 18, ¶ 5, 575 P.2d 623. This rule applies equally to administrative boards acting in an adjudicatory capacity as it does to judges. *Johnson* [*v. Bd. of Gov. of Regist. Dentists* ], 1996 OK 41 at ¶ 33 [913 P.2d 1339]. *Okla. Water Resources Bd.,* 2013 OK 29, ¶ 11, —— P.3d ——, 2013 WL 1738420. Claimants whose employer has not opted out are entitled to have their claim heard by an administrative law judge who is required to avoid even the appearance of impartiality. Claimants whose employers have chosen to opt out receive no such protections. The initial appeal of their claim is made to a committee chosen by their employer, giving rise to an immediate appearance of partiality. Right out of the gate, claimant's whose employers have opted out receive a lower level of due process protection than claimants whose employers chose not to, and that decision is not made by the claimant, but by the employer.

¶ 9 Further, depending on the precise meaning of the ambiguous phrase "contrary to law" the claimant whose employer has opted out will have their appeal subjected to either a more rigorous or less rigorous standard of review than a claimant whose employer is subject to the Administrative Workers' Compensation Act. Whereas 85A O.S. Supp.2013 78(C) sets forth detailed grounds upon which this Court may review and reverse a decision of the Commission, 85A O.S. Supp.2013 211(B)(6) states that this Court may reverse only a determination that is "contrary to law".

¶ 10 Finally, there is an issue with development of the record. Deprivation of a property interest subject to the Due Process Clause of the Fourteenth Amendment requires that the holder of the right be given an opportunity to create a record sufficient to permit meaningful appellate review of a trial court order that acts as an end-of-the-line disposition. *Cotner v. Golden,* 2006 OK 25, ¶ 6, 136 P.3d 630; *Towne v. Hubbard,* 2000 OK 30, ¶ 13, 3 P.3d 154. Section 211 does not provide for the development of such a record.

¶ 11 Title 85A O.S. Supp.2013 211(B)(2)-(3) sets out the minimum procedure for a claimant's first appeal to the three person (minimum) committee, and provides:

2. The committee may request any additional information it deems necessary to make a decision, including having the claimant submit to a medical exam;

3. The committee shall notify the claimant in writing of its decision, including an explanation of the decision and his or her right to judicial review;

After the committee makes a determination, *85A O.S. Supp.2013 211* (B)(6) provides that when the Workers' Compensation Commission reviews the decision:

6. **The Commission shall rely on the record established by the internal appeal process** and use an objective standard of review that is not arbitrary or capricious. Any award by the administrative law judge or Commission shall be limited to benefits payable under the terms of the benefit plan and, to the extent provided herein, attorney fees and costs. (Emphasis added).

¶ 12 After the Commission makes a decision, the Claimant may appeal to this Court, and *85A O.S.2013 211* (B)(7) provides:

7. If the claimant appeals to the Commission and any part of the adverse benefit determination is upheld, he or she may appeal to the Oklahoma Supreme Court by filing with the Clerk of the Supreme Court a certified copy of the decision of the Commission attached to a petition which shall specify why the decision is contrary to law within twenty (20) days of the decision being issued. The Supreme Court may modify, reverse, remand for rehearing, or set aside the decision only if the decision was contrary to law.

**The Supreme Court shall require the claimant to file within forty-five (45) days from the date of the filing of an appeal a transcript of the record of the**

proceedings before the Commission, or such later time as may be granted by the Supreme Court on application and for good cause shown. The action shall be subject to the law and practice applicable to comparable civil actions cognizable in the Supreme Court. (Emphasis added).

Taken together, these provisions indicate that the only opportunity a Claimant has to develop a factual record under the minimum requirements of 211 is before the committee chosen by his or her employer. The Workers' Compensation Commission is limited to the record developed in the internal appeals process, and this Court in turn is limited to the record considered by the Commission.

¶ 13 This minimum required procedure to develop a record is in stark contrast with that provided by The Administrative Workers' Compensation Act. Title 85A O.S. Supp. 2013 27(A) provides:

A. The Workers' Compensation Commission shall be vested with jurisdiction over all claims filed pursuant to the Administrative Workers' Compensation Act. All claims so filed shall be heard by the administrative law judge sitting without a jury. **The Commission shall have full power and authority to determine all questions in relation to claims for compensation under the provisions of the Administrative Workers' Compensation Act. The Commission, upon application of either party, shall order a hearing. Upon a hearing, either party may present evidence and be represented by counsel. Except as provided in this act, the decision of the administrative law judge shall be final as to all questions of fact and law.** The decision of the administrative law judge shall be issued within thirty (30) days following the submission of the case by the parties. The power and jurisdiction of the Commission over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified. (Emphasis added).

Concerning appeals, *85A O.S. Supp.2013 78* (A) provides:

A. Any party feeling aggrieved by the judgment, decision, or award made by the administrative law judge may, within ten (10) days of issuance, appeal to the Workers' Compensation Commission. After hearing arguments, the Commission may reverse or modify the decision only if it determines that the decision was against the clear weight of the evidence or contrary to law. **All such proceedings of the Commission shall be recorded by a court reporter, if requested by any party. Any judgment of the Commission which reverses a decision of the administrative law judge shall contain specific findings relating to the reversal.** (Emphasis added).

¶ 14 The underlying problem raised, therefore, is the differential treatment of **claimants** under the Administrative Workers' Compensation Act and the Oklahoma Employee Injury Benefit Act, not the differential treatment of employers who may choose or not choose to opt out. Functionally, the claimant has very little choice. They may choose their employer but they have no choice as to whether their potential claims will be subject to the appellate process of 85A O.S. Supp.2013 78 or 85A O.S. Supp.2013 211. That decision is made by their employer. They may therefore have had their rights expanded or reduced through no choice of their own. If claimants whose employers have not opted out are treated markedly different in terms of appellate process than claimants whose employers have opted out, this would implicate Okla. Const., Art. V, 46, which provides, in pertinent part:

The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:

Regulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts, justices of the peace, sheriffs, commissioners, arbitrators, or other tribunals, or providing or changing the methods for the collection of debts, or the enforcement of judgments or prescribing the effect of judicial sales of real estate; ..

¶ 15 I would address at the very least these constitutional issues.

REIF, V.C.J.: concurring in part, dissenting in part.

¶ 1 I concur with the majority's conclusion that the Legislature did not violate Article 5, 57 of the Oklahoma Constitution by including multiple measures in SB 1062. All measures in SB 1062 were germane to the subject of workers' compensation and represent the adoption of a new code on the subject.

¶ 2 I also believe that the rule of judicial restraint calls for the denial of relief *at this point in time* for most of the challenges to the administrative system raised by the Petitioners. The vast majority of the challenges should be presented to and decided by the Commission before they are ripe for judicial review.

¶ 3 In a few cases, however, there are provisions that are unconstitutional on their face. One of those provisions—the appeal process in the Opt Out System—is the subject of the separate concurring writing by Justice Combs. While I agree with the analysis of Justice Combs, I also believe the appeals process, along with the initial determination by the employer, work prejudice in the administration of a statutory right forbidden by Article 2, 6 of the Oklahoma Constitution, and are a denial of due process forbidden by Article 2, 7 of the Oklahoma Constitution.

¶ 4 A fundamental element of due process is a fair and impartial trial. *Clark v. Board of Education of Ind. Sch. Dist. No. 89,* 2001 OK 56, ¶ 6, 32 P.3d 851, 854. This includes a neutral and detached decision maker. *Id.* This Court has said that every litigant is entitled to nothing less than the cold neutrality of an impartial judge, and defined such neutrality to be the disinterest of a total stranger. *State ex rel. Bennett v. Childers,* 1940 OK 389, ¶¶ 6–7, 188 Okla. 14, 105 P.2d 762, 763. Under the Opt Out System, the employer and any "appeals" committee chosen by the employer cannot satisfy the impartiality requirement of due process, because the employer has a direct pecuniary interest in the decision of a claim.

¶ 5 At common law, a judge was disqualified to sit in a case in which the judge had an "interest in his own behalf in the result." *Ex parte Clanahan,* 261 Ala. 87, 72 So.2d 833, 836 (Ala.1954). A disqualification is something that makes one ineligible to act. *Black's Law Dictionary,* 485 (7th ed.1999). Both the Oklahoma Legislature by statute and this Court by rule have similarly declared self interest in a decision to be a disqualifying circumstance. The Legislature has said: "No judge of any court shall sit in any cause or proceeding in which he may be interested, or in the result of which he may be interested." 20 O.S.2011, 1401(A). This Court has similarly declared: "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances ... (3) The judge knows that he or she, individually or as a fiduciary ... has an economic interest in the subject matter in controversy or is a party to the proceeding." Rule 2.11(A)(3), Code of Judicial Conduct 5 O.S.2011, Ch 1, App. 4.

¶ 6 Both appeal procedures set forth in section 118 of SB 1062, codified as 85A O.S. 211, fail to meet due process standards for impartiality. This section should be severed in its entirety, along with language in section 110, codified as 85A O.S. 203, that excludes the application of administrative provisions for determining claims to Opt Out Plans. With such severance, Opt Out System claims would follow the same determination and appeal process as administrative claims.

¶ 7 There is likewise constitutional infirmity in the appeal process prescribed for cases decided by the Court of Existing Claims, designated as a court of record. Determination of claims for injuries that occurred prior to February 1, 2014, are "cases at law," not administrative proceedings. As such, appellate review of such cases falls under the appellate jurisdiction of the Supreme Court set forth in Article 7, 4 of the Oklahoma Constitution. Legislation authorizing the Workers' Compensation Commission, an Executive Branch administrative agency, to exercise appellate jurisdiction over cases at law, when jurisdiction in such cases is expressly vested in this Court by the Constitution, violates the doctrine of separation of powers set forth in Article 4, 1 of the Okla-

homa Constitution. More particularly, such legislation violates the proscription that none of the three branches "shall exercise the powers properly belonging to either of the others." The language authorizing appeals to the Workers' Compensation Commission from the Court of Existing Claims should be severed, leaving appeals to be taken directly to this Court without any intermediate review.

¶ 8 In addition to the constitutional defects in these procedural areas, two substantive areas of the Act have facial constitutional infirmities. The first area is in the interplay between the exclusive remedy provision of section 5 of SB 1062, codified as 85A O.S. 5, and (1) the non-coverage of mental injury, under section 13 of SB 1062, codified as 85A O.S. 13 and (2) the exclusion of same sex spouses from death benefits under section 47 of SB 1062, codified as 85A O.S. 47. The second substantive area is the deferral of permanent partial disability/employer deduction in section 45 of SB 1062, codified as 85A O.S. 45.

¶ 9 As for the first substantive area, the Act **expressly** (1) excludes coverage for mental injury unaccompanied by physical injury (except for victims of violent crimes) and (2) makes same sex spouses ineligible for death benefits. The Act does so, while at the same time declaring the Act to be the exclusive remedy for work related injuries even if compensation is denied or the claimant is deemed ineligible for compensation under the Act. These provisions exile workers who sustain mental injury from work-place stresses, and same sex spouses with a valid marriage in another jurisdiction who are eligible for death benefits, to a legal no-man's-land without remedy for the loss they have sustained.

¶ 10 The effect is to immunize employers for detriment sustained by employees from work place conditions beyond the control of the employees. The most obvious instance of such detriment is the psychological harm experienced by law enforcement officers, fire fighters and emergency medical personnel from the danger, tragedies and suffering they encounter in their work. While the legislature may properly exclude mental injury unaccompanied by physical injury from

coverage under the Act, the legislature is prohibited from granting any exclusive immunities to any association, corporation or individual by Article 5, 51 of the Oklahoma Constitution. The language in section 5 that makes the Act the exclusive remedy even if the claim is denied or the claimant is ineligible should be severed and a declaratory relief should be entered that states the exclusive remedy provision does not apply to detriment not compensated by the Act.

¶ 11 Equally egregious is the denial of death benefits to a same sex spouse even in cases where their spouse is killed in Oklahoma in the course of his or her work requiring interstate travel through Oklahoma. This restriction denies the equal protection component of due process under Article 2, 7 of the Oklahoma Constitution. It also violates the Interstate Commerce Clause as well as the Privileges and Immunities Clause of the United States Constitution. The language denying a same sex spouse death benefits should be severed.

¶ 12 Finally, section 45 of SB 1062, codified as 85A O.S. 45, treats recipients of permanent partial disability differently. The Act allows for such compensation in cases of impairment without complete loss of use of a body part or parts, amputation and loss of scheduled members. In cases of impairment without complete loss of use, if the injured employee returns to pre-injury employment or its equivalent, the employer is authorized to subsidize the re-employment of the injured worker out of the award for the physical detriment that has been adjudicated. The Act does not allow such subsidy in cases of amputations and loss of scheduled members. It appears that the Legislature believes that an injured and permanently impaired worker who returns to pre-employment work or its equivalent, has suffered no detriment from the injury and impairment. However, the worker who can return to his or her job only with the aid of a crutch, cane or a walker, or who must live and function with some other diminishment in their physical health, has suffered the equivalent physical loss as an amputee or worker who has lost a scheduled member. The language that allows the employer to subsidize re-employment by deduc-

tions from the permanent partial disability award is a special law that does not operate uniformly on all persons who are similarly situated in violation of Article 5, 59 of the Oklahoma Constitution. It also violates the equal protection component of due process under Article 2, 7 of the Oklahoma Constitution.

¶ 13 For the foregoing reasons, I respectfully concur in part and dissent in part.