OSCN Found Document:BOBER v. OKLAHOMA STATE UNIVERSITY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 BOBER v. OKLAHOMA STATE UNIVERSITY
2016 OK 78
Case Number: 114038
Decided: 06/28/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 78, __ P.3d __

 

ANNETTE LEGARDE-BOBER, Petitioner,
v.
OKLAHOMA STATE UNIVERSITY, SELF INSURED (OWN RISK #14526) and THE WORKERS' COMPENSATION COMMISSION, Respondents.

ON APPEAL FROM THE WORKERS' COMPENSATION COMMISSION

¶0 Petitioner Annette Legarde-Bober was injured at work and sought treatment and compensation from her Employer OSU/OKC. Employer denied compensability, arguing Petitioner's injury did not arise in the course and scope of her employment under 85A O.S. Supp. 2013 § 2(13). The administrative law judge determined Petitioner's injury did not occur in the course and scope of employment, and the Workers' Compensation Commission affirmed. Petitioner appealed the decision of the Commission, and we retained the case. Upon consideration, we hold Petitioner was in the course and scope of her employment as the term is defined in 85A O.S. Supp. 2013 § 2(13) because her actions at the time of her injury were related to and in furtherance of the business of her Employer OSU/OKC, and she was on the premises of her Employer when she fell.

WORKERS' COMPENSATION COMMISSION ORDER VACATED; CAUSE
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH
TODAY'S PRONOUNCEMENT

John R. Colbert, J. Colbert & Associates, Ardmore, Oklahoma, for Petitioner Annette Legarde-Bober
Heather A. Lehman Fagan, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, Oklahoma, for Respondents Oklahoma State University and Own Risk

GURICH, J.

Facts & Procedural History

¶1 Petitioner was employed by Employer Oklahoma State University at the Oklahoma City campus. She was a teacher at the child development lab. The child development lab is a childcare facility on the campus of OSU/OKC, and childcare is available for students and employees of OSU/OKC. The lab is located in a building on the OSU/OKC campus. The building where the lab is located is surrounded by a sidewalk and parking lot. The parking lot and sidewalk surrounding the building where Petitioner worked was owned and maintained by the University, and Petitioner testified she had previously seen OSU employees working in that parking lot. Petitioner was given a parking permit by her Employer, which gave her permission, and in fact, required her to park in this particular parking lot.

¶2 On the morning of March 4, 2014, Petitioner arrived at the OSU/OKC campus around 8:55 a.m. because she was required by her Employer to begin her shift at 9:00 a.m. She testified that on that morning, the weather was cold and icy. Petitioner did not have the option to work remotely and was required to report to the child development lab on campus in order to perform her job duties. Although other businesses were closed that day due to the weather conditions, the OSU/OKC campus was open, and students and parents had already begun dropping their children off at the child development lab for childcare. Petitioner testified that after parking in the designated parking lot, she got out of her car, walked across the parking lot, and stepped up onto the curb to go into the building. The Employer's security camera video for the day in question shows that as Petitioner stepped up onto the curb, she slipped and fell on the ice.[1]

¶3 The record contains an "Employee Injury Report," filled out and signed by Petitioner's supervisor on the date of the incident--March, 4, 2014. The injury report provides: "Went back & looked on camera and it recorded employee falling @ 9:00."[2] Where the injury report asks "How could this injury have been prevented?" the supervisor states: "Entire parking lot and sidewalk was icy."[3] Notably, where the injury report asks "Injured on employer's premises?" the supervisor marked "Yes."[4] In fact, Employer OSU/OKC initially determined Petitioner was in the course and scope of her employment when she fell and provided treatment and temporary total disability benefits.[5] 

¶4 Petitioner then sought additional treatment and compensation for her injuries. Employer OSU/OKC denied compensability, arguing Petitioner's injury did not arise in the course and scope of her employment. The administrative law judge held a hearing on January 28, 2015, and determined that Petitioner's injury did not occur in the course and scope of employment within the meaning of the Administrative Workers' Compensation Act and denied her claim for additional treatment and compensation. The Commission affirmed the decision of the ALJ, and Petitioner timely appealed the decision to this Court. We retained the case.

Standard of Review

¶5 Section 78 of Title 85A provides:

C. The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted. The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the Commission;

3. Made on unlawful procedure;

4. Affected by other error of law;

5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;

6. Arbitrary or capricious;

7. Procured by fraud; or

8. Missing findings of fact on issues essential to the decision.

85A O.S. Supp. 2013 § 78(C). The issue presented in this case is an issue of statutory interpretation. Statutory interpretation presents a question of law which we review under a de novo standard. Such review is plenary, independent, and non-deferential. State ex rel. Protective Health Servs. State Dep't of Health v. Vaughn, 2009 OK 61, ¶ 9, 222 P.3d 1058, 1064.

Analysis

¶6 "[C]ourse and scope of employment" in Title 85A of the AWCA means:

[A]n activity of any kind or character for which the employee was hired and that relates to and derives from the work, business, trade or profession of an employer, and is performed by an employee in the furtherance of the affairs or business of an employer. The term includes activities conducted on the premises of an employer or at other locations designated by an employer and travel by an employee in furtherance of the affairs of an employer that is specifically directed by the employer.[6]

The Petitioner in this case was hired as a teacher for the child development lab. She was instructed to report to work at the lab. Employer OSU/OKC gave Petitioner a parking permit and instructed her to park in this particular parking lot located on its premises. Petitioner's actions at the time of her injury were related to and in furtherance of the business of the OSU/OKC child development lab, and at the time of her injury, Petitioner was following her Employer's instructions exactly. In addition, the Employer OSU/OKC specifically admitted on the Employee Injury Report that the incident occurred on its premises.

¶7 The AWCA also specifies those situations which are not within the course and scope of employment. The facts of this case do not fall under any of the exceptions to the course and scope of employment listed in 85A O.S. Supp. 2013 § 2(13)(a-d):

a. an employee's transportation to and from his or her place of employment,

b. travel by an employee in furtherance of the affairs of an employer if the travel is also in furtherance of personal or private affairs of the employee,

c. any injury occurring in a parking lot or other common area adjacent to an employer's place of business before the employee clocks in or otherwise begins work for the employer or after the employee clocks out or otherwise stops work for the employer, or

d. any injury occurring while an employee is on a work break, unless the injury occurs while the employee is on a work break inside the employer's facility and the work break is authorized by the employee's supervisor . . . .[7]

 

¶8 Subsection (a), transportation to and from the place of employment, does not apply to the facts of this case because Petitioner had arrived at her place of employment when the injury occurred. For similar reasons, subsection (b), travel by an employee in furtherance of personal affairs, does not apply because Petitioner was not traveling at the time of the incident and was not engaged in any activity in furtherance of personal affairs.

 

¶9 Subsection (c), "any injury occurring in a parking lot or other common area adjacent to an employer's place of business before the employee clocks in or otherwise begins work for the employer or after the employee clocks out or otherwise stops work for the employer," likewise does not apply. Although the parties agree Petitioner had not yet clocked in to begin her work day when she fell and was injured, this exception does not apply until the employee leaves the premises. As established above, Petitioner had arrived at her Employer's place of business and was on the OSU/OKC premises when she fell. She was not in a "parking lot or other common area adjacent to an employer's place of business." Adjacent means "[l]ying near or close to, but not necessarily touching,"[8] "not distant," "nearby," or "having a common endpoint or border."[9] The parking lot and sidewalk surrounding the building where Petitioner worked was not on property lying near or close, nearby, or having a common border with the OSU/OKC campus. The parking lot and sidewalk were in fact on the premises of the OSU/OKC campus, which Employer admitted in the Employee Injury Report. 

¶10 Subsection (d) excepts from the course and scope of employment "any injury occurring while an employee is on a work break, unless the injury occurs while the employee is on a work break inside the employer's facility and the work break is authorized by the employee's supervisor." Although the facts of this case clearly do not apply to this exception, we note that the Legislature specifically distinguished between an employee's work break outside the employer's facility and an employee's work break inside the employer's facility in this exception. Had the Legislature also intended to make a similar distinction in the exception in subsection (c), it could have easily done so.

Conclusion

¶11 Because Petitioner's actions at the time of her injury were related to and in furtherance of the business of her Employer OSU/OKC, and Petitioner was on the premises of her Employer when she fell, she was in the course and scope of her employment as the term is defined in § 2(13). The primary goal of statutory construction is to ascertain and follow legislative intent. The plain meaning of a statute's language is conclusive as to such intent.[10] Despite the Legislature's attempt to create a bright-line rule, cases of this nature have always been, and will continue to be highly dependent on the specific facts of each case. Because Petitioner was in the course and scope of employment when she was injured, we need not reach the constitutional issues raised. The Commission's interpretation of § 2(13) in this case was legally incorrect and its order denying compensability was clearly erroneous in view of the competent evidence presented.

WORKERS' COMPENSATION COMMISSION ORDER VACATED; CAUSE
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH
TODAY'S PRONOUNCEMENT

¶12 Reif, C.J., Combs, V.C.J., Watt, Edmondson, Colbert (by separate writing with whom Watt, J., joins), and Gurich, JJ., concur.

¶13 Kauger, Winchester (by separate writing with whom Kauger, Taylor, JJ., join), and Taylor, JJ., dissent.

FOOTNOTES

[1] The security camera video also reflects the entire parking lot was covered in ice and snow. On cross examination, Petitioner was asked the following:

Q: And when you walked from your car up towards the doorway you were first attempting to go in to, you didn't notice any sand or ice, correct?
A: I noticed ice.
Q: I'm sorry ice melt, I apologize?
A: I didn't.
Q: Did you see any snow plows in the parking lot?
A: No.
Q: And was anyone out there shoveling?
A: No.

Transcript of Hearing at 20 (Jan. 28, 2015).

[2] Record on Appeal at 24.

[3] Id.

[4] Id.

[5] Transcript of Hearing at 6-7 (Jan. 28, 2015).

[6] 85A O.S. Supp. 2013 § 2(13) (emphasis added). Before 2010, this Court's case law provided the relevant authority in determining whether an employee was in the course and scope of his or her employment. However, in 2010, the Legislature undertook to define the meaning of course and scope of employment by statute, and such language remained in the Workers' Compensation Code enacted in 2011. See 85 O.S. Supp. 2010 § 11(A); 85 O.S. 2011 § 312(6).

[7] 85A O.S. Supp. 2013 § 2(13)(a-d).

[8] Black's Law Dictionary (10th ed. 2014).

[9] Merriam Webster, Adjacent, http://www.merriam-webster.com/dictionary/adjacent (last visited June 15, 2016).

[10] Samman v. Multiple Injury Trust Fund, 2001 OK 71, ¶ 13, 33 P.3d 302, 307.

 

 

COLBERT, J., concurring specially with whom WATT, J. joins.

¶1 I concur in the majority's analysis and decision finding that Claimant's injuries are in the "course and scope of employment" as set forth in Title 85A, section 2(13) of the Oklahoma Statutes. I write separately, however, to express my concern in the majority's continued side-stepping of constitutional challenges properly raised before this Court.

¶2 This Court held in Coats v. Fallin that constitutional challenges to the Administrative Worker's Compensation Act (AWCA) would be assessed on an as applied basis. 2013 OK 108, 316 P.3d 924. Petitioner, here, challenged the constitutionality of the AWCA as a due process violation under Article 2 Section 6 of the Oklahoma Constitution. And, Petitioner specifically alleged that section 2(13)(a) and (c) of Title 85A violated her constitutionally protected right to a remedy and access to the courts. Yet, the majority's opinion makes no acknowledgment of Petitioner's claims.

¶ 3 This Court must consider constitutional challenges that are adequately presented in the record. Dow Jones & Co., Inc. v. State ex rel. Okla. Tax Com'n, 1990 OK 6 ¶ 6, 787 P.2d 843, 845, see also Okla. Stat. tit. 85A, § 78(C)(Supp. 2014). But, rather than keeping with the assurance made in Coates v. Fallin, and our fundamental responsibility to support and obey the Constitution, this Court continues to dodge the inevitable.

 

 

WINCHESTER, J., with whom Kauger, and Taylor, JJ., join, dissenting:

¶1 I respectfully dissent. The legislature made a policy decision to draw a clear line for the employer and employee that the "clock" began and ended the employer's liability under Workers' Compensation, unless directed otherwise by the employer. The definition section of the Workers' Compensation law defines "course and scope of employment" and excludes an employee's transportation to and from the place of employment and excludes injury occurring in a parking lot before the employee clocks in or begins work for the employer.[1] The majority have now ruled that the employee is within the course and scope of employment when entering the parking lot, even though the employee is not clocked in.

¶2 The whole context of the statute revolves around what the legislature has excluded from falling within the phrase "course and scope of employment." The term doesn't include an employee's transportation to and from the place of employment, travel by an employee on behalf of the employer if the travel also includes personal or private affairs of the employee, injury during a work break unless the break is authorized by the employer and inside the employer's facility, and of course, injury occurring in a parking lot next to the employer's place of business before clocking in. A generalization can be made. If not clocked in, which reflects the beginning of work, an employee is not covered by Worker's Compensation because that employee is not within the course and scope of employment. Travel to the workplace, in and of itself is not within the course and scope of employment until the employee performs tasks recognized as the beginning of work. To make that clear, the legislature eliminates from "course and scope of employment," accidents in the employer's parking lot. If parking lot accidents are eliminated by the statute then Workers' Compensation does not cover such injuries.

¶3 Workers' Compensation is not an exclusive remedy if the statutes specifically eliminate parking lot injuries as coming within the "course and scope of employment." If there is actionable negligence for a parking lot injury, it is still covered by tort law. The Court's opinion holds that "A parking lot owned or controlled by the employer alone clearly constitutes the 'premises' of such employer, and is part of the 'employer's place of business." However, if the legislature has intentionally excluded the parking lot from the jurisdiction of Workers' Compensation law, the "premises" doctrine is no longer valid. The legislature has the authority and power to make such an exception. I conclude that it "clearly" made such an exception.

¶4 This type of accident fits within the category of a "going and coming injury," which is described in Graham Public Schools v. Priddy, 2014 OK 30, ¶ 1, 328 P.3d 1190, 1191. What this Court has declared to be the law based on construction of former statutes, the legislature has specifically and intentionally rejected by current statute.

FOOTNOTES

[1] 85A O.S.Supp.2014, § 2(13) provides: "'Course and scope of employment' means an activity of any kind or character for which the employee was hired and that relates to and derives from the work, business, trade or profession of an employer, and is performed by an employee in the furtherance of the affairs or business of an employer. The term includes activities conducted on the premises of an employer or at other locations designated by an employer and travel by an employee in furtherance of the affairs of an employer that is specifically directed by the employer. This term does not include:

"a. an employee's transportation to and from his or her place of employment,

"b. travel by an employee in furtherance of the affairs of an employer if the travel is also in furtherance of personal or private affairs of the employee,

"c. any injury occurring in a parking lot or other common area adjacent to an employer's place of business before the employee clocks in or otherwise begins work for the employer or after the employee clocks out or otherwise stops work for the employer, or

"d. any injury occurring while an employee is on a work break, unless the injury occurs while the employee is on a work break inside the employer's facility and the work break is authorized by the employee's supervisor . . . ."






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 6, 787 P.2d 843, Dow Jones & Co., Inc. v. State ex rel. Oklahoma Tax Com'n
Discussed
 2001 OK 71, 33 P.3d 302, 72 OBJ 2703, SAMMAN v. MULTIPLE INJURY TRUST FUND
Discussed
 2009 OK 61, 222 P.3d 1058, STATE ex rel. PROTECTIVE HEALTH SERVICES STATE DEPT. OF HEALTH v. VAUGHN
Discussed
 2013 OK 108, 316 P.3d 924, COATES v. FALLIN
Discussed
 2014 OK 30, 328 P.3d 1190, GRAHAM PUBLIC SCHOOLS v. PRIDDY
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 312, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Cited
 85 O.S. 11, Repealed by Laws 2011, SB 878, c. 318, § 87
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 2, Definitions
Discussed at Length
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Cited