Danna K. ARCHER and Dorothy Y.
Alexander, Petitioners,

v.

Frank M. OGDEN, Chief Judge of the
First Judicial District, State of
Oklahoma, Respondent.

No. 52629.

Supreme Court of Oklahoma.

Sept. 18, 1979.

Sylvia Marks-Barnett, Oklahoma City, for petitioners.

John Board, Board & Boring, David K. Petty, Tryon, Field & Petty, Guymon, for respondent.

BARNES, Justice:

Danna Archer and Dorothy Alexander, attorneys in good standing and members of the Oklahoma Bar Association, petitioned this Court to assume original jurisdiction and issue a Writ of Mandamus requiring the Respondent Trial Judge to permit them to practice law within the First Judicial District of Oklahoma without having to associate with a resident Oklahoma attorney.

Both attorneys were admitted to the practice of law in Oklahoma in September of 1975 and remain members in good standing through the payment of dues of the Oklahoma Bar Association. Subsequent to their admission to the Oklahoma Bar, the attorneys became residents of the State of Texas, were admitted to the practice of law in that State, and opened a law office in Perryton, Texas, which they presently maintain. Due to the proximity of Perryton to the Oklahoma Panhandle, the Petitioners' law practice brings them into the courts of the First Judicial District of Oklahoma on a regular basis. Yet, the Respondent has consistently disallowed their appearance in the courts of that judicial district for failure to associate with the resident Oklahoma attorney.

The trial court's refusal to allow the Petitioners to practice in the First Judicial District was based upon the provisions of 5 O.S.1971, § 18. The statute reads as follows:

"OKLAHOMA RESIDENCE OR CONTINUOUSLY OPERATING LAW OFFICE AS CONDITION OF PRACTICE—EXCEPTIONS.— Any member of the Oklahoma Bar Association, otherwise qualified to practice law within this State, shall be a resident or maintain a continuously operating law office within this State, as a condition for the privilege and authority to represent or appear, either individually or in association with others, in any proceeding, action or other matter for or in behalf of another person before any agency, department, board, commission, authority or other governmental corporation or subdivision, or any court of record of this State; providing that this Act shall be reciprocal in nature, and no attorney resident of another state shall be permitted to engage in the practice of law within the State of Oklahoma, under the terms and provisions of this Act, unless the state of domicile of such nonresident attorney would extend the same privilege to an attorney residing in the State of Oklahoma to engage in the practice of law in such state under similar or like conditions: Provided that this Section shall not prevent the appearance and participation of attorneys qualified to practice in other states and not a member of the Oklahoma Bar Association when such nonmember attorney is qualified and authorized by compliance with other provisions of the statutes.

"Provided further, that this Section shall not be applicable to any member of the Oklahoma Bar Association representing or appearing for or in behalf of the United States of America or any subdivision of the government of the United States of America."

In asking this Court to assume original jurisdiction and issue a Writ of Mandamus, the Petitioners present two arguments:

1. Title 5 O.S.1971, § 18, provides for reciprocity, and since the State of Texas allows all persons who are licensed to practice law in Texas and are members in good standing of the Texas Bar to practice within Texas regardless of where they maintain their residence,[1] then nonresident members in good standing of the Oklahoma Bar, who are residing in Texas, should enjoy the same privilege within the Oklahoma courts.

2. In the alternative, the Petitioners argue that 5 O.S.1971, § 18, is unconstitutional in that it is a legislative encroachment upon the inherent powers of the Supreme Court, in violation of the separation of powers doctrine, and it further contravenes the equal protection clause of the Fourteenth Amendment to the United States Constitution.

 We find no merit to the Petitioners' first contention, as the question of reciprocity is not an issue. The clear language of the statute provides that any member of the Oklahoma Bar Association, who is otherwise qualified to practice law, *must, as a condition for the privilege and authority to practice, either be a resident or maintain a continuously operating law office within the State.* The fact that Texas does not have such a requirement in no way alters the statutory requirement in this State. The provision on reciprocity simply provides that we would extend the right to practice to nonresident attorneys under the same conditions if an Oklahoma resident would, under the other State's provisions, be able to practice under the same circumstances. The fact that Texas has less stringent requirements does not make our requirements less stringent.

As we have found no merit to Petitioners' first argument, we must consider whether the Legislature, in enacting the provisions of 5 O.S.1971, § 18, acted in a constitutionally permitted manner.

In addressing this issue, we first note our ruling in *Ford v. Board of Tax-Roll Corrections, Okl., 431 P.2d 423 (1967),* in which we stated at page 429:

". . . it is clear that as to the respective positions of the Legislature and of the Supreme Court under the Constitution [Oklahoma], in respect to regulating and controlling the Bar, the legislative power may enact statutes respecting the proper administration of justice and the organization of the Bar, as long as they are helpful to those ends. However, the responsibility for the due administration of justice and regulation and control of the Bar is vested in the Supreme Court by Art. 7, § 1, of the Constitution, and is protected against encroachment by Art. 4, § 1, of the Constitution. *It is also clear that the power to organize, regulate and control the Bar for the administration of justice is inherently vested in the Supreme Court and, in case of invasion upon this power, the Court's power is superior under the Constitution.*" [Emphasis added]

In exercising our inherent power to organize, regulate and control the Bar, this Court established Rules Creating and Controlling the Oklahoma Bar Association.[2]

Under the provisions of Article II, Section 1, of those Rules, "The membership of the [Bar] Association shall consist of those persons who are, and remain, licensed to practice law in this State."

Section 4 of that same Article provides:

"A member of the Association who becomes a nonresident of the State may maintain his status as a member, by the payment of the annual dues herein provided."

---

1. In support of this contention, Petitioners attached an affidavit from the Clerk of the Supreme Court of Texas, which affirmed that attorneys licensed to practice law in the State of Texas, who pay their dues and are members in good standing of the Texas Bar, although nonresidents, are allowed to practice before any Texas court.

2. These Rules are set forth at 5 O.S., Ch. 1, App. 1, immediately following Section 18 of Title 5.

In the case before us, the Petitioners have maintained their status as members of the Bar Association by payment of their annual dues, and are currently "active members"[3] of the Bar Association.

The provisions of Article II, Section 7, of the Rules Creating and Controlling the Bar, provide that active members of the Bar Association may practice law within the State of Oklahoma.[4]

It was the intent of this Court in promulgating the above quoted Rules that active members of the Oklahoma Bar Association, once admitted to the Association, shall be permitted to practice law within all courts of this State, whether or not they continue to reside in this State. Additionally, in Article II, Section 5, of the Rules, we specifically provide that nonresident members of the Oklahoma Bar Association are not required to comply with the conditions imposed upon nonresident, nonmember attorneys. We did so in subsection (f) of that Rule, wherein we stated:

"No court, agency or tribunal shall permit any such non-resident attorney *who is not an active member of the Bar of this State*, to appear in any action or proceeding otherwise than in pursuance of the preceding requirements. * * *." (Emphasis added)

As the Petitioners are active members in the Oklahoma Bar Association, and as, because of that status, they are, under the provisions of the Rules promulgated by this Court, permitted to practice law in all State courts within this jurisdiction, the Respon-

dent Trial Judge erred in refusing to allow the Petitioners to practice upon the basis of their nonresident status. The trial court was, however, correct in its analysis of 5 O.S.1971, § 18, for that statute does require a nonresident active member of the Oklahoma Bar Association to meet additional requirements as a condition for his or her continuing right to practice before the courts of this jurisdiction.

Insofar as 5 O.S.1971, § 18, requires active members of the Oklahoma Bar Association to meet additional requirements as a condition for their right to continue to practice law in the State of Oklahoma, the statute is in direct conflict with the provisions of the Rules promulgated by this Court. While it is true that the Legislature of a State may set minimum requirements for the *admission* of a person to the practice of law,[5] it should be emphasized that we are not here today dealing with the admission of individuals to practice. Rather, we are dealing with the continuing right to practice once admitted. Petitioners in the case before us met all the minimum requirements established by the Legislature and were duly admitted to the Bar as active members. Having once been admitted, they can only be deprived of their right to practice through judicial action.[6]

In 1939, this Court, in the case of *In re Integration of State Bar of Oklahoma,* 185 Okl. 505, 95 P.2d 113 (1939), established an integrated Bar which required that all attorneys be members of the Bar Associa-

---

3. Article II, Section 2, of the Rules Creating and Controlling the Oklahoma Bar Association, establishes four classes of membership: active membership, senior membership, associate membership, and military membership. The Petitioners in the case before us are active members.

4. Article II, Section 7, of the Rules Creating and Controlling the Oklahoma Bar Association, provides:
 "WHO MAY PRACTICE LAW.
 "(a) No attorney shall practice law in the State of Oklahoma who is not an active member of the Association, except as herein provided.
 "(b) Any member of the Association who shall have been adjudged to be insane, men-

tally incompetent, or mentally ill shall not practice law, and shall not be required to pay dues during the continuation of such adjudication."

5. See, *Opinion of the Justices,* 279 Mass. 607, 180 N.E. 725 (1932), 81 ALR 1059.

6. See, *Dillon v. United States,* 230 F.Supp. 487 (D.Or.1964). See, also, *Hanson v. Grattan,* 84 Kan. 843, 115 P. 646 (1911); *Baird v. State Bar of Arizona,* 401 U.S. 1, 91 S.Ct. 702, 27 L.Ed.2d 639 (1971); *Charlton v. F.T.C.,* 177 U.S.App. D.C. 418, 543 F.2d 903 (D.C.Cir.1976); and *Ricci v. State Board of Law Examiners,* 427 F.Supp. 611 (E.D.Pa.1977).

tion. As members of that Association, all lawyers are subject to all the disciplinary rules and canons of ethics without regard to residency. This being the case, the compelling reason for continuing residency, the ability of the Court to control and sanction those practicing before it, ceases to exist. Thus, in promulgating the Rules Creating and Controlling the Bar, this Court did not condition the right to practice upon continuing residency, as those practicing in our courts are subject to discipline whether or not they are residents. Because the practice of law is so ultimately connected and bound up with the exercise of judicial power in the administration of justice, the right to define and regulate its practice naturally and logically belongs to the judicial branch of this State's government.[7] In the exercise of those rights, this Court established the conditions upon which a member of the Bar may continue to practice law within this State. The Legislature, in enacting 5 O.S.1971, § 18, infringed upon the powers of this Court to regulate and control the practice of law within the State, and therefore acted unconstitutionally, in violation of separation of powers doctrine. For this reason we are compelled to hold that the provisions of 5 O.S.1971, § 18, which require members of the Oklahoma Bar Association to maintain residency or a continually operating law office in the State, as a condition of the right to continued practice, are unconstitutional. We would also note that such conditions attached to the right to continue to practice law might well be unreasonable and violative of the equal protection clause of both the Federal and State Constitutions—but we need not address such issues today.

The trial court's reliance upon that legislative enactment was therefore misplaced, and the Petitioners should have been permitted to practice before the courts within the First Judicial District of this State, and all other judicial districts within the State. For this reason, we issue a Writ of Mandamus, requiring the Respondent Trial Court to permit the Petitioners, and all attorneys similarly situated, to practice before the courts in the same manner and with the same rights and privileges enjoyed by all active members of the Oklahoma Bar Association.

ORIGINAL JURISDICTION ASSUMED AND WRIT OF MANDAMUS ISSUED.

All the Justices concur.

---

7. See, *In re Integration of State Bar of Oklahoma,* supra.