CARLSON RESERVE
CORPORATION, Appellee,

v.

STATE of Oklahoma ex rel. OKLAHOMA
EMPLOYMENT SECURITY COMMIS-
SION, Appellant.

No. 73331.

Supreme Court of Oklahoma.

May 28, 1991.

Craig Blackstock, Tulsa, for appellee.

James D. Stevens, Oklahoma City, for appellant.

KAUGER, Justice.

We granted certiorari on April 29, 1991, to address the first impression question of whether 40 O.S.1981 § 1–208(4) renders a parent corporation liable for delinquent unemployment compensation taxes incurred by its wholly owned subsidiary. We find that it does.

## FACTS

Carlson Reserve Corporation (Carlson), an Oklahoma corporation, owns all the capital stock of another Oklahoma corporation, Resource Engineering and Manufacturing Company (Resource). After Resource failed to pay its unemployment compensation taxes, the Oklahoma Employment Security Commission (Commission) filed a tax warrant in the office of the County Clerk of Tulsa County, Oklahoma, on July 22, 1987. The Commission alleged that Resource owed the taxes, and that because both entities were under common ownership and control, Carlson was liable for the taxes pursuant to 40 O.S.1981 § 1–208(4). It defines employer as:

"Any employing unit which, together with one or more other employing units, is owned or controlled, by legally enforceable means or otherwise, directly by the same interest, or which owns or controls one or more other employing units, by legally enforceable means or otherwise, and which, if treated as a single unit with such other employing unit would be an employer under subsection (1) of this section;"

On April 17, 1989, Carlson filed a petition in the district court of Tulsa County seeking to have the tax warrant withdrawn. The petition alleged that Carlson and Resource were separate corporations and separate employing units; that Carlson neither owed taxes nor was it liable for Resource's unpaid contributions; and that the filing of the tax warrant would adversely affect its financial standing and creditworthiness. Carlson filed a motion for summary judgment which was sustained by the trial court on May 24, 1989, and affirmed by the Court of Appeals on February 12, 1991.

## TITLE 40 O.S.1981 § 1–208(4) RENDERS A PARENT CORPORATION LIABLE FOR DELINQUENT TAXES INCURRED BY ITS WHOLLY OWNED SUBSIDIARY.

The purpose of the Employment Security Act is to promote employment security through the maintenance of a system of public employment offices, and to provide for the payment of unemployment compensation.[1] Certainly, § 1–208(4) accomplishes that goal. Employers are required to make contributions to the Unemployment Compensation Fund.[2] By statutorily defining "employer," Section 1–208(4) ensures that contributions are made by the appropriate entities.

Carlson insists that it is not the employer. However, in *Frazier v. Bryan Memorial Hosp. Auth.,* 775 P.2d 281, 288 (Okla. 1989) we held that if one corporation is but an instrumentality or agent of another, corporate distinctions must be disregarded and the two separate entities must be treated as one. The *Frazier* Court also held that whether an allegedly dominant corporation may be held liable for a subservient entity's tort hinges primarily on the question of control; and it enumerated ten factors which may be considered in the factual determination of vicarious liability. Here, proof that the parent controls the business of the subsidiary is unnecessary—it is admitted that the parent owns the subsidiary; and the language of § 1–208(4) is clear—an entity which *"owns* or controls" another employing unit is liable for the payment of unemployment taxes. Although the determination of legislative intent controls statutory interpretation, it is unnecessary to apply rules of construction to discern legislative will if it is clearly expressed in a statute.[3]

### CONCLUSION

It is undisputed that Carlson owns Resource, and that the corporations share a common board of directors. Because of the plain language of 40 O.S.1981 § 1–208(4) which uses the disjunctive phrase "owns *or* controls," rather than the conjunctive phrase "owns and controls," we need not address the issue of control. The parent corporation is by statutory definition an employer, and Carlson is responsible for the payment of Resource's delinquent unemployment taxes.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED: TRIAL COURT REVERSED.**

All justices concur.

---

1. Title 40 O.S.1981 § 1–102 provides in pertinent part:
   "(1) The purpose of the act is to promote employment security by increasing opportunities for placement through the maintenance of a system of public employment offices and to provide through the accumulation of reserves for the payment of compensation to individuals with respect to their unemployment...."

2. Title 40 O.S.1981 § 1–207 provides:

" 'Contributions' mean the money payments, including taxes and reimbursements, required by this act to be paid into the Unemployment Compensation Fund by an employer."

3. *Fuller v. Odom,* 741 P.2d 449, 452 (Okla.1987); *Becknell v. State Indus. Court,* 512 P.2d 1180, 1183 (Okla.1973).