2013 OK 18

Nancy C. BERTRAND, Petitioner,

v.

LAURA DESTER CENTER, CompSource Oklahoma, and The Workers' Compensation Court, Respondents.

No. 110,394.

Supreme Court of Oklahoma.

April 2, 2013.

John L. Harlan, Sapulpa, Oklahoma, for Petitioner.

L. Brad Taylor, David J. Frette, Tulsa, Oklahoma, for Respondents.

*OPINION*

WATT, J.:

¶ 1 Petitioner Nancy C. Bertrand injured her right foot on August 3, 2005, when she slipped on a wet floor while employed as a child care worker for Respondent Laura Dester Center (Employer). Her injury arose out of and in the course of her employment. She sought this Court's certiorari review of the opinion of the Court of Civil Appeals (COCA), Division III, which sustained the Workers' Compensation Court's (WCC) denial of her request for travel costs to and from

a vocational rehabilitation facility. Claimant contends that her allowance for travel expenses was, in effect, eliminated under the new Workers' Compensation Code, enacted August 26, 2011, which set a minimum for reimbursement of twenty miles round-trip. See 85 O.S.2011 § 326(K). Claimant's total round-trip mileage is only fourteen miles, for which she was previously paid, prior to the effective date of the Code. The trial court ordered the new law was procedural and could be applied retroactively. Because the WCC ordered vocational rehabilitation before August 26, 2011, and the facility is outside the city limits of Claimant's hometown of Pryor, Oklahoma, we reverse.

## FACTS AND PROCEDURAL HISTORY

¶2 On February 7, 2011, the trial court found Claimant was 29% permanently partially disabled to the right foot and ordered Employer to furnish a vocational rehabilitation evaluation. In a separate order on March 9, 2011, the court ordered Claimant to appear for the evaluation at Wilson Rehab Services in Edmond, Oklahoma. The order directed the counselor to perform the rehabilitation evaluation and to include recommendations for vocational retraining plans, if appropriate. The order directed Employer to pay for the evaluation and necessary trip expenses incurred by Claimant for travel to the evaluation if required to travel outside the city or town of her residence.

¶3 Claimant appeared for the evaluation on April 27, 2011, and on May 11, 2011, the Vocational Evaluation was filed with the court making recommendations for Claimant and three "vocational options."[1] Claimant chose "Vocational Option B" which provided:

Ms. Bertrand could attend Northeast Technology Center in Pryor, Oklahoma

and study to be an Office Information Specialist. The program prepares for clerical occupations in a variety of settings.

Total Cost: $1500 estimated

I recommend vocational case management services to assist Ms. Bertrand with enrollment, monitor her progress, and troubleshoot for problems that may impede her from completing this program in a timely manner. The cost of case management services for two years is approximately $1000.

¶4 There is no order of the trial court directing Employer to provide vocational retraining for Claimant.[2] Although the parties did not designate the evaluator's report, this Court ordered the Clerk of the Workers' Compensation Court to supplement the record with the report. We recognize that the parties agreed Claimant would pursue vocational retraining under the terms of Option B of the report and that the parties understood that the court would approve this action, although no trial was held and no written order was filed. We find there was indirect approval by the court from an examination of the record and the actions of the parties: (1) the court ordered the evaluation for rehabilitation and retraining, directing the evaluator to report whether rehabilitation and retraining would benefit Claimant; (2) neither party objected to the evaluator's report dated May 11, 2011, filed with the court, (3) the parties agreed that Claimant would implement Option B in the report ordered by the court, and (4) the court clearly approved mileage expenses for trips to the retraining facility before August 26, 2011. Additionally, there are six "Vocational Progress Reports," filed monthly with the court by the vocational counselors of Working Rehabilitation Solutions, PC, of Edmond, Oklahoma, which is

---

1. Along with the recommendations made for Claimant in the evaluation, the evaluator noted: the restrictions given to Claimant were consistent with sedentary employment; Claimant has a high school equivalent education and had performed semiskilled and skilled employment in the past; scores on vocational testing indicated an average learning ability with a high school level academic ability in reading and mathematics and a seventh grade ability in spelling. The report also noted Claimant indicated an interest

in returning to work in a clerical type occupation.

2. Employer's Answer Brief filed April 24, 2012, on page 2, note 1, explains:

The vocational evaluator's report does not appear in the record because Employer agreed to provide the retraining; therefore, a trial was never held on that issue nor is there an order actually awarding Claimant the vocational retraining.

monitoring Claimant's retraining with Northeast Technology Center. The first report is dated August 19, 2011, which sets the time frame in this case prior to the enactment of the new Code on August 26, 2011.

¶5 Before August 26, 2011, Claimant was paid mileage pursuant to former Workers' Compensation Court Rule 39(B),[3] which provided:

B. Travel expenses related to a claimant's submission to a medical examination or incurred in obtaining reasonable and necessary medical treatment, **vocational evaluations, and vocational retraining** shall be paid to the claimant as provided in this rule. Mileage and necessary lodging expenses are limited to the provisions of the State Travel Reimbursement Act, 74 O.S., Section 500.1 et. Seq. Meals will be reimbursed at the rate of Eight Dollars ($8.00) per meal per four hours of travel status, not to exceed three meals per day. Travel expenses paid to the claimant shall include only expenses for travel from the residence of the claimant at the time of the examination, treatment, evaluation or retraining, as applicable, not to exceed 600 miles round trip. The employer shall not be liable for travel which is wholly within the limits of the city or town of the claimant's residence. Exceptions to this rule shall be at the discretion of the Court. [emphasis added]

¶6 Rule 39 was amended again, effective March 6, 2012. At that time, mileage reimbursement for travel expenses for vocational retraining or rehabilitation was eliminated. Only travel expenses for **evaluations** for vocational rehabilitation or retraining were allowed. Current Rule 39(B) provides:

B. The respondent shall reimburse the employee for the actual mileage in excess of twenty (20) miles round-trip to and from the claimant's home to the location of a **medical service provider** for all reasonable and necessary **medical treatment,[4]** for **an evaluation** by an independent medical examiner and for any **evaluation, including an evaluation for vocational rehabilitation or vocational retraining,[5]** made at the respondent's request, but in no event in excess of six hundred (600) miles round-trip. Mileage and necessary lodging expenses are limited to the provisions of the State Travel Reimbursement Act, 74 O.S., Section 500.1 et. seq. Meals will be reimbursed at the rate of Eight Dollars ($8.00) per meal per four hours of travel status, not to exceed three meals per day. [emphasis added]

¶7 This modification of Rule 39 followed the enactment of the Workers' Compensation Code (the Code), 85 O.S.2011 §§ 301–413, on August 26, 2011, when the Oklahoma Workers' Compensation Act (the Act), 85 O.S.2001, §§ 1–211, then in effect, was repealed. Section 326(K) of the new Code addresses "mileage reimbursement." Claimant contends that her allowance for travel expense was, in effect, eliminated by § 326(K) because of the allowed minimum "in excess of twenty miles" round-trip. However, as we read section 326(K), it completely eliminated the allowance of mileage for vocational **rehabilitation** and **retraining.** It provides:

K. The employer shall reimburse the employee for the actual mileage in excess of twenty (20) miles round-trip to and from the employee's home to the location of a **medical service provider** for all reasonable and necessary treatment, for an **evaluation of an independent medical examiner** and for **any evaluation** made at the request of the employer or insurance carrier. The rate of reimbursement for such travel expense shall be the official reim-

3. Former Rule 19A, adopted effective November 1, 1997, was renumbered as Rule 39 and amended, effective January 30, 2006. See order of the Supreme Court, 2006 OK 6, 133 P.3d 886. Rule 19A is similar in substance to Rule 39(B) adopted in 2006. Both versions of the rule allowed travel expenses for mileage from the residence of the claimant, round-trip, for vocational evaluation or retraining.

4. "Medical treatment" is not defined by the former Act under 85 O.S. Supp.2005, § 3. It is defined under the Code at 85 O.S.2011 § 308(30), but does not include "vocational rehabilitation" or "vocational retraining."

5. Although it is argued that the twenty mile reimbursement applies to "vocational retraining" under this statute, we find the term "vocational retraining" relates back to and describes "evaluation."

bursement rate as established by the State Travel Reimbursement Act. In no event shall the reimbursement of travel for medical treatment or evaluation exceed six hundred (600) miles round trip. [emphasis added]

¶ 8 Section 326(K) corresponds to Rule 39 in its current form. Neither provision allows for reimbursement of travel expenses for vocational retraining. This does not end our inquiry, however. As noted above, Claimant's injury occurred in 2005. Rule 39(B) (formerly Rule 19A) allowed mileage reimbursement for travel expenses for vocational rehabilitation and retraining. After the Code was enacted on August 26, 2011, Rule 39 was amended to eliminate the reimbursement. Employer refused to pay Claimant's mileage for the 14–mile round trip expense which she had been previously paid on the basis of her failure to meet the twenty mile minimum.

## CLAIMANT IS ENTITLED TO VOCATIONAL RETRAINING

¶ 9 The Vocational Evaluation, which became part of the evidence in this case, provides:

It is my opinion Ms. Bertrand cannot return to the job at which she was injured. Her job with Laura Dester Shelter is in the MEDIUM capacity according to the Dictionary of Occupational Titles. Reported restrictions place her work capacity at the SEDENTARY level.

¶ 10 The evaluator's report [6] indicates that vocational retraining is necessary for Claimant to re-enter the work force.[7] The consequences of Claimant's injury require her to be retrained for a different kind of employment. The necessity of such retraining is supported by Claimant's medical evidence.[8] Her choice of Option B, agreeable to all concerned, requires the training to take place at Northeast Technology Center outside of Pryor.[9] Claimant testified she does not have a valid driver's license and must pay someone to take her to the retraining sessions. Without the mileage reimbursement, she'll be unable to continue the sessions, and the vocational retraining awarded by the court will have no beneficial value to Claimant. See *Williams Companies, Inc. v. Dunkelgod,* 2012 OK 96, ¶ 27, 295 P.3d 1107, 1115.[10]

¶ 11 On August 3, 2005, the date of Claimant's injury, 85 O.S. Supp.2005 § 16 was in effect, entitling her to "prompt and reasonable physical rehabilitation services ... which shall include retraining and job placement so as to restore the employee to gainful employment." 85 O.S. Supp. § 16(A). It did not provide for travel costs unless the employee was required to board at the facility. Rule 39(B) [11] provided for the mileage reimbursement which did not change until March 6, 2012, when Rule 39 deleted the travel reimbursement **for vocational rehabilitation and retraining.** It was allowed only for travel for **medical treatment** and for **evaluations for** vocational rehabilitation and retraining in excess of twenty miles round-trip.

6. The trial court's order of March 9, 2011, provides: "That the verified or declared written narrative report of the evaluator shall become a part of the evidence herein."

7. Under the former Act, 85 O.S. Supp.2005 § 16, and the current Code, 85 O.S.2011 § 338, a claimant is entitled to vocational retraining if, because of a work-related injury, the employee is unable to perform the same occupational duties he was performing prior to the injury.

8. Dr. Hastings' August 24, 2010 opinion provides "this patient should undergo a course of vocational rehabilitation in order to learn a more sedentary type of employment that do (sic) not require prolonged standing, prolonged walking, and repetitive ambulation on stairs, grades or uneven surfaces."

9. Employer, through DHS and its insurer CompSource Oklahoma, admitted this center is outside the city limits of Pryor, Oklahoma. See Response to Request for Admission No. 3, which is part of "Claimant's Exhibit 1".

10. We held in *Dunkelgod* that a lift van was necessary to enable the claimant to use a scooter awarded by the court. We stated at paragraph 27: "The evidence is more than sufficient to show the scooter is necessary for Claimant and that she has to rely on herself to transport it wherever she goes. The van containing the lift equipment is, therefore, a necessary part of the award if the scooter is to have any value at all for her recovery." [citations omitted].

11. See ¶ 5, *supra.*

## CONCLUSION

■ ¶ 12 The provisions of § 326(K) allow a mileage reimbursement only for "medical care" travel and travel for "any evaluation" for vocational retraining. Section 338, similar to former § 16, allows for travel costs for vocational rehabilitation which requires residence at the facility. Former section 16 did not allow for mileage reimbursement at all. None of these statutes helps Claimant's cause. The only provision which allows such travel costs is former Rule 39(B), in effect at the time of the injury.

¶ 13 Workers' Compensation Court rules are adopted for:

> effecting the purposes of the Workers' Compensation Code.... All rules, upon approval by the Supreme Court, shall be published and be made available to the public and, if not inconsistent with the law, shall be binding in the administration of the Workers' Compensation Code.

See 85 O.S. Supp.2012, § 303(D), substantively similar to former 85 O.S. 2001 § 1.2(E), in effect at the time of Claimant's injury.

■ ¶ 14 Administrative rules and court rules are valid expressions of lawmaking powers having the force and effect of law. *Estes v. ConocoPhillips Co.*, 2008 OK 21, 184 P.3d 518; *Renfrow v. Ittleson*, 1925 OK 403, 236 P. 585, 110 Okla. 109. The Workers' Compensation Court Rules in effect at the time of injury should apply to this case. See gen., *Williams v. Vickers, Inc.*, 1990 OK 108, ¶ 9, 799 P.2d 621, 624.[12] The purposes of the Workers' Compensation Code cannot be "effected" when a claimant's ability to be retrained for a different job is removed. The workers' compensation laws, before and after the enactment of the Code, provided for vocational retraining for Claimant. The omission of travel reimbursement in a situation like Claimant's interferes with her ability to fully benefit from the award of vocational retraining. Because Claimant's injury arose when Rule 39 allowed for travel reimbursement, and because travel is required to facilitate her choice of Option B in the Evaluation Report, she will suffer the loss of a substantive right to be retrained for employment if she cannot receive travel costs. Under the reasoning of *Williams Companies, Inc. v. Dunkelgod*, supra, we hold Claimant is entitled to receive travel costs to allow Claimant to receive the benefits of her award of vocational retraining which was made necessary by her accidental, work-related injury at Employer's place of business.

¶ 15 Claimant's award of vocational retraining is a valuable benefit which will enable Claimant to re-enter the work force in a different kind of job. However, it is a benefit which cannot be fully realized if she cannot participate in it. Without the reimbursement of travel costs, it is an award without benefit to Claimant. We hold, therefore, that Rule 39(B), in effect at the time of her injury, is applicable to this claim. She is entitled to receive reimbursement for travel costs incurred while traveling the round-trip distance of fourteen miles to the rehabilitation facility. The award of travel costs thus effects the purposes of the Workers' Compensation Code.

¶ 16 The opinion of the Court of Civil Appeals is vacated. The order of the Workers' Compensation Court is reversed. This case is remanded to the Workers' Compensation Court for further proceedings in accordance with this opinion.

¶ 17 **COURT OF CIVIL APPEALS' OPINION IS VACATED; WORKERS' COMPENSATION COURT'S ORDER IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

COLBERT, C.J., REIF, V.C.J., WATT, EDMONDSON, COMBS, GURICH, JJ., concur.

KAUGER, TAYLOR, JJ., concur in result.

WINCHESTER, J., dissents.

---

**12.** *Williams v. Vickers, Inc.* was decided on the trial court's finding that the injury was not employment-related. However, we recognized, and our opinion implies, it would have been error to apply the later-enacted rule rather than the one in effect at the time of the injury. 799 P.2d at 624, ¶ 9.