OSCN Found Document:IN RE APPLICATION OF GREEN FOR ADMISSION TO OKLA. BAR ASSOC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE APPLICATION OF GREEN FOR ADMISSION TO OKLA. BAR ASSOC.
2016 OK 98
Case Number: SCBD-6327
Decided: 09/20/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 98, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: THE APPLICATION OF JAMES M. GREEN FOR ADMISSION TO THE OKLAHOMA BAR ASSOCIATION, Appellant,
v.
OKLAHOMA BOARD OF BAR EXAMINERS, Appellee.

BAR ADMISSION PROCEEDING

¶0 The appellant, Major James M . Green (Major Green) appeals from a determination of the appellee, Oklahoma Board of Bar Examiners, (the Board) that he does not meet the reciprocity requirements to be admitted to the practice of law in Oklahoma without taking the Oklahoma Bar Examination. We hold that he is entitled to reciprocity. Accordingly, the attorney is admitted to practice law in Oklahoma pursuant to Rule 2 of the Rules Governing Bar Admission. 5 O.S. Supp. 2015 ch. 1 app. 5.

ATTORNEY ADMITTED.

James M. Green, Fredericksburg, Virginia, Pro Se.
Patrick H. Kernan, Tulsa, Oklahoma, for Appellee.

KAUGER, J.:

¶1 The only issue presented is whether a lawyer who has been practicing law in the military since 2007 may be admitted to the Oklahoma Bar Association without examination pursuant to Rule 2 of the Oklahoma Rules Governing Admission to the Practice of Law, 5 O.S. Supp. 2015 ch. 1, app. 5.[1] We hold that the applicant meets the qualifications for admission without examination and is hereby admitted to the Oklahoma Bar Association, effective immediately.

FACTS AND PROCEDURAL HISTORY

¶2 The facts are agreed by the parties. The appellant, Major James M. Green (Major Green) grew up in Muskogee, Oklahoma, and graduated from high school there in 1991. He then served on active duty in the United States Marine Corps for nine years. After an honorable discharge, he obtained an undergraduate degree from Northeastern State University in Tahlequah, Oklahoma, and a law degree from Thomas M. Cooly Law School in Lansing, Michigan. Major Green was admitted to the Florida Bar Association in May of 2007. Florida is not a reciprocal state with Oklahoma.

¶3 In June of 2007, Major Green returned to the Marines as an attorney and on March 21, 2008, he was designated a Judge Advocate after having attended the Naval Justice School in Newport, Rhode Island. Since that time, he has served in a variety of roles. He is currently Regional Victims' Legal Counsel for the National Capitol Region, which includes the eastern United States and Europe.

¶4 Major Green has been stationed at the United States Marine Corps Base at Quantico, Virginia since approximately the beginning of 2001. Most of his work occurs at his office provided by the military at Quantico. In January of 2014, he became a member of the Virginia Bar after taking the Virginia bar examination. [Virginia has reciprocity with Oklahoma.] Seeking to retire from the military and return to Muskogee to practice law and be near his family, Major Green filed an application for admission on motion under Rule 2 of the Rules Governing Admission to the Practice of Law in the State of Oklahoma, 5 O.S. Supp. 2015 ch.1, app. 5.[2]

¶5 On March 13, 2015, the Board denied his application because he had not engaged in the practice of law in a reciprocal state for five of seven years immediately preceding his application. There were no other aspects of his application which were disputed, ie. good moral character, due respect for the law, and fitness to practice law. Major Green then asked for a hearing under Rule 11, 5 O.S. Supp. 2015 ch.1, app. 5.[3] On September 4, 2015, Major Green appeared pro se before the Board for a hearing regarding his eligibility for admission under Rule 2 of the Rules Governing Admission, 5 O.S. Supp. 2015 ch.1, app. 5. On October 19, 2015, the Board denied his application. Apparently, a majority of the nine board members voted to deny Major Green's application but no vote was recorded.

¶6 The Board agreed that he had engaged in the practice of law for five of the last seven years, but determined that serving and practicing law in the military was not a "reciprocal state" under Rule 2. The Board commended Major Green for his service, but offered no sympathy and advised him to take the Oklahoma Bar Exam. The Board also admitted that our rules make it difficult for any military lawyer to ever qualify for reciprocity, but concluded that was no justification to grant admission.[4]

UNDER THE FACTS OF THIS CAUSE, 
THE APPELLANT IS ENTITLED TO RECIPROCITY.

¶7 Green argues that the military "jurisdiction" is a reciprocal jurisdiction for purposes of Rule 2. He contends that: 1) the language in Rule 2 refers to both reciprocal jurisdictions and reciprocal states; 2) military courts grant Oklahoma lawyers and judges the right of admission on motion without the requirement of an exam and their exam requirements for admission without examination are similar to Oklahoma; and 3) alternatively, if he does not qualify for admission, the Rule should be amended to clarify that no military attorney who has practiced law on active duty can be admitted on motion to the Oklahoma Bar as military service members are ordered to move every four years.

¶8 The Board agrees that practicing law as an attorney for the military since at least 2008 satisfies the requirement that he has been engaged in the practice of law for five of the last seven years.[5] Nevertheless, because: 1) the right to practice law in the military depends upon his admission to a state bar, he must be licensed and practicing in a reciprocal state; and 2) neither the military nor the federal government are primary bar licensing authorities, so admission to practice remains dependent upon prior admission to a state bar. The Board also acknowledges that many lawyers who practice in the federal and military arena are required to move frequently to work and serve their country, and while it may be unfair, Major Green overstates the burden imposed on such military lawyers. According to the Board, those lawyers must practice within the borders of a reciprocal state. Major Green had clients in Russia. If he had been a member of the Virginia Bar for five years, would he also be required to subtract from his five years any time he spent outside of the borders of Virginia?

¶9 The responsibility for the due administration of justice and regulation and control of the Bar is vested in the Supreme Court,[6] including the right to define and regulate its practice.[7] In exercising our inherent power to organize, regulate and control the Oklahoma Bar Association, we established the Rules Governing Admission to the Practice of Law in Oklahoma, 5 O.S. Supp. 2011 ch.1, app. 5. This Court has exclusive jurisdiction over the licensing of attorneys.[8]

¶10 Rule 2 of the Rules Governing Admission to the Practice of Law in Oklahoma concerns admission to the Bar on motion, without examination. The current version of Rule 2, Section 1, provides in pertinent part that:

 

Persons who are graduates of an American Bar Association approved law school, have been lawfully admitted to practice and are in good standing on active status in a reciprocal state, and have engaged in the actual and continuous practice of law in a reciprocal state for at least five of the seven years immediately preceding application for admission under this Rule. The years of practice earned in multiple reciprocal jurisdictions cannot be combined. (Emphasis supplied).

The Rule does refer to reciprocal states, and reciprocal jurisdictions. In Section 4, the terms "former jurisdiction," "nonreciprocal jurisdiction," and "reciprocal jurisdiction" are also used. It provides:

Section 4. It is the purpose of this rule to grant reciprocity to qualified judges and lawyers from other jurisdictions and to secure for Oklahoma judges and lawyers like privileges. If the former jurisdiction of the applicant does not grant to Oklahoma judges and lawyers the right of admission on motion, then this Rule shall not apply and the applicant must, before being admitted to practice in Oklahoma, comply with the provisions of Rule Four. If the former jurisdiction of the applicant permits the admission of Oklahoma judges and lawyers upon motion but the Rules are more stringent and exacting and contain other limitations, restrictions or conditions of admission and the fees required to be paid are higher, the admission of applicant shall be governed by the same Rules and shall pay the same fees which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former jurisdiction. If the applicant's actual and continuous practice for the past five of seven years is from a nonreciprocal jurisdiction that does not grant Oklahoma judges and lawyers the right of admission on motion, the professional experience from the former jurisdiction will not be considered, and any professional experience from a nonreciprocal jurisdiction cannot be combined with the professional experience from a reciprocal jurisdiction to meet the requisite five of seven years of actual and continuous practice. (Emphasis supplied).

¶11 Furthermore, under section 1, the Rule defines the "practice of law" without referring to a state at all, but rather to reciprocal jurisdictions. The Rule specifically honors the practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation. It states:

For the purposes of this section, "practice of law" shall mean:

. . .(c) Practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation with the same primary duties as described in Section I (b) above;

(d) Employment as a judge, magistrate, referee, or similar official for the federal, state or local government (including a territory, district, commonwealth or possession of the United States); provided that such employment is available only to attorneys;

(e) Full time employment as a teacher of law at a law school approved by the American Bar Association; or

(f)Any combination of the above. . . . (Emphasis added.)

None of these examples are "reciprocal states, but rather "jurisdictions." The inconsistent use of these terms have apparently led to confusion. We agree with Major Green, that the Rule should not have used the words "reciprocal state," but rather "reciprocal jurisdiction."

¶12 Without this subtle clarification the Rule would lead to an absurd result. For example, if Major Green had been sent to Oklahoma by the military, and if his spouse were also a lawyer who accompanied him here, under Rule 2, the spouse would qualify for admittance to practice law in Oklahoma without an examination and without having practiced or been licensed in any reciprocal state.[9] However, Major Green, the person who is actually sacrificing his life, and civilian career to serve, and defend this Country and the State of Oklahoma would not be allowed to practice law in Oklahoma under the Board's interpretation of Rule 2. Recently, as reported by the Military Spouse J.D. Network, a military spouse attorney who was licensed in Puerto Rico (which is not a "state") was sworn into the Oklahoma Bar Association without having to take the bar exam under the military spouse provisions, which the Court, including myself, agreed with and approved.[10] She was not from a "state" but rather a "jurisdiction" which is part of the United States of America. If this is good enough for the United States of America, it is good enough for Oklahoma. The Court could not and would not endorse such an absurd consequence which could preclude Major Green from being licensed in Oklahoma --- especially for someone serving in the armed services.

1) Major Green cannot appear in the Courts of the State of Oklahoma, but his spouse could.

2) Major Green cannot do pro bono work in the State of Oklahoma, but his spouse could.

3) Major Green cannot do anything connected to the law in the State of Oklahoma without being engaged in the unauthorized practice of law, but by being married to the Major, his spouse could.

¶13 Major Green's nearly 10 years of practicing law in the United States military qualifies as having worked in a reciprocal jurisdiction under Rule 2. The military provides reciprocity to Oklahoma lawyers under similar circumstances for admission. Pursuant to 10 U.S.C. 827(b), Oklahoma attorneys qualify for military appointment if: 1) they graduated from an accredited law school or is a member of the highest court of the state; and 2) they are certified as competent to perform the duties as a military attorney.[11] No time requirement of five years is imposed. Major Green should be admitted under Rule 2.

CONCLUSION

¶14 Major Green has with his service, represented the United States of America. Whether it is called a jurisdiction or a country, it is a conglomerate of all the states. Some of the purposes of letting military spouses practice law where their spouse is deployed is to eliminate the need for an additional bar examination, relive a significant portion of stressors for family, expedite job search efforts, and allow them to contribute to their families. Major Green has passed the bar examination in two of those states. Surely, that is more than sufficient. Major Green stated at the hearing that:

... I think it's you [who] are prejudicing the military, those of us that go and fight for our country, and I have huge sacrifices I made being a military member, and to not be able to apply that service as my tour of duty comes to an end, I think that is unfair. I don't think that the drafters of the rules contemplated that. . . I think we would have a different case if it was some sort of some different law that we practiced in the military. . . .It is different from military justice, but it's - it's the same type of statutes, same types of crime, burglary, rape, robberies, larceny. It's the same stuff. It's just under a different code. . . . The rule is about being fair. About being fair to jurisdictions that are fair with Oklahoma. And it would be unfair to not provide reciprocity to service members. . .

We agree with Major Green. He has met the requirements for Rule 2 of the Rules Governing Admission to the Practice of Law in Oklahoma[12] and should be admitted instanter.

ATTORNEY ADMITTED.

REIF, C.J., COMBS, V.C.J., KAUGER, WINCHESTER, EDMONDSON, TAYLOR, JJ., concur.

WATT (by separate writing), COLBERT, GURICH, JJ., dissent.

FOOTNOTES

[1] Rule 2, of the Rules Governing Admission, 5 O.S. Supp. 2015 ch. 1, app. 5 provides in pertinent part:

. . .Admission Upon Motion Without Examination.

For purposes of this Rule, the term "reciprocal state" shall mean a state which grants Oklahoma judges and lawyers the right of admission on motion, without the requirement of taking an examination and whose requirements for admission are similar to Oklahoma's admission upon motion without examination standards.

The following persons, when found by the Board of Bar Examiners to be qualified under Section 1 and 2 of Rule One, may be admitted by the Supreme Court to the practice of law in the State of Oklahoma upon the recommendation and motion of the Board, without examination:

Section 1. Persons who are graduates of an American Bar Association approved law school, have been lawfully admitted to practice and are in good standing on active status in a reciprocal state, and have engaged in the actual and continuous practice of law in a reciprocal state for at least five of the seven years immediately preceding application for admission under this Rule. The years of practice earned in multiple reciprocal jurisdictions cannot be combined.

For the purposes of this section, "practice of law" shall mean:

(a) Private practice as a sole practitioner or for a law firm, legal services office, legal clinic or similar entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal jurisdiction in which that practice occurred;

(b) Practice as an attorney for a corporation, partnership, trust, individual or other entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal jurisdiction in which the practice occurred and involved the primary duties of furnishing legal counsel, drafting legal documents and pleadings, interpreting and giving advice regarding the law, or preparing, trying or presenting cases before courts, executive departments, administrative bureaus, or agencies;

(c) Practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation with the same primary duties as described in Section I (b) above;

(d) Employment as a judge, magistrate, referee, or similar official for the federal, state or local government (including a territory, district, commonwealth or possession of the United States); provided that such employment is available only to attorneys;

(e) Full time employment as a teacher of law at a law school approved by the American Bar Association; or

(f)Any combination of the above.

The period of the "practice of law" as defined above in subparagraphs 1(a) through 1(f) shall have occurred outside the State of Oklahoma in a reciprocal state. Applicants for admission without examination shall furnish such proof of practice and licensing as may be required by the Board. No applicant for admission without examination under this rule will be admitted if the applicant has taken and failed an Oklahoma bar examination without having later passed such examination . . . .

[2] Title 5 O.S. Supp. 2015 ch.1, app. 5.

[3] Title 5 O.S. Supp. 2015 ch 1, app. 5, Rule 11, Rules Governing Admission to the Practice of Law provides in pertinent part:

Section 1. If the Board of Bar Examiners decides to deny an application to take the bar examination or to deny an application for admission to practice law on any ground except failure to pass the bar examination, written Notice of Denial shall be mailed to the applicant citing the Rule upon which the denial is based. The Notice of Denial must adequately inform the applicant of the nature of the evidence upon which the denial is based. The Notice of Denial may be modified by the Board prior to any hearing on the denial as long as the applicant has sufficient notice. Subject to the foregoing, the Notice of Denial places in issue all matters that may relate, directly or indirectly, to the applicant's eligibility to practice law in the State of Oklahoma.

Section 2. The Board of Bar Examiners shall have the power to order a hearing on its own motion before making a decision on any application. Written notice of such a hearing shall be given to the applicant. The hearing procedures set forth in this Rule Eleven shall apply both to hearings ordered by the Board and to hearings requested by an applicant.

Section 3. An applicant, who receives a Notice of Denial without a prior hearing before the Board of Bar Examiners, may take issue with the denial and request a hearing before the Board. The hearing request must be written and shall be delivered to the Board within twenty (20) days after the Notice of Denial was mailed to the applicant. Delivery to the Administrative Director of the Board shall be considered delivery to the Board for purposes of this Rule Eleven. . . .

[4] We are puzzled by the fact that the findings of fact and conclusions did not include the votes of the members of the Board. The only mention of the vote is found in the transcript of the hearing which states:

We are back on the record and the board has deliberated and we are in agreement. And I am sorry to report the majority have determined that you do not meet the requirements of Rule 2.

Courts in every jurisdiction record and disclose each judge's vote. Our own administrative code recognizes that due process requires a showing of the votes. For example, the Oklahoma Administrative Code 120:10-13-17 requires that appeals to the Capitol-Medical Center Improvement and Zoning Commission "shall keep minutes of its appeal proceeding showing the vote of each member on each question." When an administrative board such as the Board of Bar Examiners acts in an adjudicative capacity, it functions much like a court and is bound by minimum standards of due process. Arbuckle Simpson Aquifer Protection Federation of Oklahoma, Inc. v. The Oklahoma Water Resource Board. 2013 OK 29, ¶11, 343 P.3d 1266. We cannot even discern if the Chairperson participated in the vote. Pursuant to Rule 11 of the Rules Governing Admission to the Practice of Law in the State of Oklahoma, 5 O.S. 2011 ch.1, app. 5, the Chairperson is not a voting member. Rule 11 provides in pertinent part:

. . .Section 6. For hearings held under this Rule Eleven, a quorum shall be five (5) members of the Board of Bar Examiners. The Chairperson or his or her designee shall preside as the hearing officer. The decision on the application must be made by a majority of the Board members present, excluding the Chairperson, who is not a voting member except in the case of a tie vote.

Section 7. The decision of the Board of Bar Examiners following a hearing conducted under this Rule Eleven shall be reduced to written form and mailed to applicant or applicant's counsel. All denial decisions shall include findings of fact and conclusions of law. . . .

The best practice to ensure due process in these proceedings would require the Board to record and disclose the vote of each member in its written decision.

[5] In R.J. Edwards, Inc. v. Hert, 1972 OK 151, ¶20, 504 P.2d 407 the Court noted that:

Our decisions definitely spell out the concept of the practice of law: the rendition of services requiring the knowledge and the application of legal principles and technique to serve the interests of another with his consent. This is a concept applied over and over again in other jurisdictions.. . . In view of our own prior statements, and of this long line of like statements elsewhere, it was unnecessary that we should otherwise have defined "practice of law" to include specific acts as a prerequisite to the exercise of the proper jurisdiction of the judicial department.. . . (citations omitted)

[6] The Oklahoma Constitution, art. 7, §1 provides:

The judicial power of this State shall be vested in Senate, sitting as a Court of Impeachment, a Supreme Court, the Court of Criminal Appeals, the Court on the Judiciary, the State Industrial Court, the Court of Bank Review, the Court of Tax Review, and such intermediate appellate courts as may be provided by statute, District Courts, and such Boards, Agencies and Commissions created by the Constitution or established by statute as exercise adjudicative authority or render decisions in individual proceedings. Provided that the Court of Criminal Appeals, the State Industrial Court, the Court of Bank Review and the Court of Tax Review and such Boards, Agencies and Commissions as have been established by statute shall continue in effect, subject to the power of the Legislature to change or abolish said Courts, Boards, Agencies, or Commissions. Municipal Courts in cities or incorporated towns shall continue in effect and shall be subject to creation, abolition or alteration by the Legislature by general laws, but shall be limited in jurisdiction to criminal and traffic proceedings arising out of infractions of the provisions of ordinances of cities and towns or of duly adopted regulations authorized by such ordinances.

Archer v. Ogden, 1979 OK 130, ¶¶7-8, 600 P.2d 1223; Ford v. Board of Tax-Roll Corrections, 1967 OK 90, ¶26, 431 P.2d 423; In re Integration of State Bar of Oklahoma, 1939 OK 378, ¶6, 95 P.2d 113.

[7] Archer v. Ogden, 1979 OK 130, ¶16, 600 P.2d 1223

[8] In re Application of Bodnar, 2016 OK 12,¶14, 367 P.3d 916; In re Reinstatement of Kamins, 1988 OK 32, ¶18, 752 P.2d 1125.

[9] Rule 2, of the Rules Governing Admission, 5 O.S. Supp. 2015 ch. 1, app. 5 provides in pertinent part:

Section 7. A person who is the current spouse of a service member in the United States Uniformed Services and who meets the following requirements may, upon motion, apply to the Supreme Court for a Special Temporary Permit to be admitted to the practice of law in the State of Oklahoma, without the requirement of taking an examination, if the applicant would otherwise be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court. An applicant shall:

a. Apply under this rule upon forms prescribed by the Board of Bar Examiners;

b. Be at least 18 years of age;

c. Hold a Juris Doctorate degree from an American Bar Association approved law school;

d. Be lawfully admitted to practice law in any other state, territory or commonwealth of the United States or in the District of Columbia;

e. Submit evidence of a passing score on the Multistate Professional Responsibility Examination;

f. Establish that the applicant is a member in good standing in all jurisdictions where the applicant was previously admitted;

g. Have good moral character, due respect for the law, and fitness to practice law;

h. Provide at his or her expense a background investigation to determine character and fitness from the National Conference of Bar Examiners, pursuant to Rule Four, Section 2(e);

i. Take the oath of attorneys which is set forth in Rule One, Section 4, of the Rules Governing Admission to the Practice of Law in the State of Oklahoma and file the same with the Clerk of the Supreme Court;

j. Sign the Roll of Attorneys; provided, however, that if the applicant is unable, by reason of absence, to sign the Roll, applicant may grant the power of attorney to the Administrative Director of the Board of Bar Examiners to sign said Roll of Attorneys for applicant;

k. Submit evidence which is satisfactory to the Supreme Court of the State of Oklahoma that the applicant is the current spouse of a service member in the United States Uniformed Services. This provision shall not be construed to apply to former military spouses; and

l. Submit evidence that the service member is on military orders within the State of Oklahoma.

No applicant for admission without examination under this section shall be admitted if the applicant has taken and failed an Oklahoma bar examination within the last five years without having later passed the examination.

Upon termination of the military status of either the dependent or the service member; or, in the event of a military transfer outside the State of Oklahoma, the right of such person to practice law in the State of Oklahoma shall terminate unless such person shall have been admitted to practice law in the State of Oklahoma pursuant to some other rule.

A person admitted under this section will not incur an application fee pursuant to Rule Seven (f) of these rules.

Any person admitted under this section must comply with the Rules Creating and Controlling the Oklahoma Bar Association as set forth in Title 5, Chapter 1, Appendix 1, Article 2, Section 5.

Any person admitted under this section will be subject to the provisions of Rule Ten of these rules.

[10] The Article celebrating the First Military Spouse JD Network member as being the first such spouse to be sworn in under the Oklahoma rule is found at: www.msjd.org/2015/09/admission/.

[11] 10 U.S.C. §827(b) provides:

(b) Trial counsel or defense counsel detailed for a general court-martial--

(1) must be a judge advocate who is a graduate of an accredited law school or is a member of the bar of a Federal court or of the highest court of a State; or must be a member of the bar of a Federal court or of the highest court of a State; and

(2) must be certified as competent to perform such duties by the Judge Advocate General of the armed force of which he is a member.

[12] Rule 2, of the Rules Governing Admission to the Practice of Law in the State of Oklahoma, 5 O.S. Supp. 2015 ch.1 app. 5.

 

 

WATT, J., with whom COLBERT and GURICH, JJ., join, dissenting:

¶1 The majority opinion chooses to ignore the plain language of Rule Two and departs from this Court's Rule Two jurisprudence that has been in effect for decades.

¶2 Major Green's status at the time he applied for admission by reciprocity under Rule Two was, and remains, the same.

¶3 His sole authority to practice military law in the JAG Corps is granted exclusively by a certificate issued by the United States military and remains valid for only so long as he remains on active duty or joins the National Guard upon his retirement from active duty.

¶4 Major Green's authority to practice STATE LAW is derived from his license to practice law from the State of Florida which is a non-reciprocal state with Oklahoma. Major Green's privilege to practice law in Virginia was obtained by his successful completion of the Virginia State Bar exam in 2014, some two years and seven months ago.

¶5 As the majority opinion is aware, the minimal requirement for admission by motion under our Rule Two is "the continuous practice of law in a RECIPROCAL STATE for five of the last seven years immediately preceding the filing of his request for admission on motion under Rule Two."

¶6 CLEARLY, anyone, with even a high school education, would conclude from the clear language under Rule Two that Major Green was and is now unable to meet the minimal requirements for admission under Rule Two."

¶7 Accordingly, our Board of Bar Examiners, in whom we have reposed our trust, followed the law and our rules and correctly denied Major Green's application for admission by motion.

¶8 Yet, for reasons that are inexplicable to me, the majority totally ignores the plain language of Rule Two and would allow his admission to practice law in this state based upon his commendable service in the United States Marine Corps.

¶9 When I see Old Glory waving in the Oklahoma wind or hear our national anthem, my blood pumps red, white, and blue. I pray each and every day for those serving in our military and their families. I am thankful for the sacrifices they make to keep me and mine free. When a person enters the military, an oath is taken to serve and protect. When I took office I, likewise, took an oath to uphold the laws and constitutions of this nation and state. Honoring that oath, requires me to make difficult decisions. Nevertheless, doing so ensures that I do not weigh what is intended to be an "even playing field" in any party's favor. Kimble v. Kimble, 2011 OK 95, p.3, 264 P.3d 1229 (Kauger, J., writing for the majority). Because I strive to be faithful to my oath, I make one of those difficult decisions and dissent from the majority opinion based on what solely appears to be sympathy for what it mistakenly seems to believe will be a popular decision. The opinion ignores the rules established by this Court for Rule Two admissions, and gives an unwarranted advantage to the applicant over other attorneys seeking the privilege to practice in Oklahoma without having first taken the Oklahoma Bar exam.

¶10 In reaching the result it does, the majority ignores the clear language of Rule Two and long established conditions for the application of statutory construction. Rule Two requires that an attorney applying for admission must have practiced law in a "reciprocal state" for a minimum of "five of the seven years immediately preceding application" for admission under the Rule. The Rule, itself, also provides in clear, mandatory, and precise language, "reciprocal state" shall mean a state, not some nebulous "jurisdiction", as the majority seeks to do. Keating v. Edmondson, 2001 OK 110, p. 12, 37 P.3d (Kauger, J. writing for the majority); Washington v. State, 199 OK 139, 915 P.2d (Kauger, J. writing for the majority); Minie v. Hudson, 1997 OK 26, 934 P.2d 1082 (Kauger, J. writing for the majority). Where, as here, such precise language exists, this Court does not engage in statutory construction. Keating v. Edmondson, see supra, (Kauger, J. writing for the majority); Cox v. Dawson, 1996 OK 11, 911 P.2d 272 (Kauger, J. writing for the majority); Carlson Reserve Corp. v. State, 1991 OK 49, 811 P.2d 1320 (Kauger, J. writing for the majority).

¶11 Even were statutory construction necessary here, it would not save the majority's reasoning or support its position. When it looks to including service in the military as comparable to service in a reciprocal state, it does so not under the portion of the Rule providing how such service is defined. Rather, it looks to how the requirement of the practice of law may be satisfied within the meaning of the Rule. It claims that failing to allow Green to be admitted is incongruous as it would relate to military spouses, in like circumstances, the majority's reasoning also fails. Such military spouses are not granted the full privilege of the practice of law in the State of Oklahoma in perpetuity. Rather, they may apply for a special TEMPORARY Permit, based on a set of stringent requirements, which terminate unless the spouse is admitted under some other rule the moment the military member leaves the service or is reassigned outside the State of Oklahoma.

¶12 Rule Two has the force and effect of law. Berrand v. Laura Dester Center, 2013 OK 18, p.14, 300 P.3d 1188; Charley v. Britton-Johnson Co., 1927 OK 447, 263 P. 1096; Carlile v. National Oil & Dev. Co., 1921 OK 163, 201 P. 377.

¶13 As it relates to the definition of "reciprocal state", it utilizes clear, mandatory, and precise language. Keating v. Edmondson, see supra, (Kauger, J. writing for the majority). Minie v Hudson, see supra, (Kauger, J. writing for the majority). There is NO ROOM for statutory construction to reach what the majority seems to believe is a more palatable result in this case. I have the greatest respect for Major Green and his service to our country. However, he has not met the requirements for Rule Two admission.

¶14 The result reached by the majority today is at best, "judicial activism" and at worst, a violation of our oath of office.

¶15 Reciprocity is a privilege and not a right.

¶16 Indeed, a great majority of the states grant reciprocity to lawyers of sister states who meet their requirements, which Major Green clearly has not.

¶17 I know of no state that grants reciprocity to a jurisdiction but only to a sister "state".

¶18 My privilege to practice law in the states of Texas and Oklahoma are by passing the state bar examination and thereafter receiving a license issued by the states of Texas and Oklahoma, not some "jurisdiction".

¶19 Likewise, Major Green's privilege to practice law in Florida and Virginia are by virtues of licenses issued by the states of Florida and Virginia, not a jurisdictional bar!

¶20 The majority opinion is not only contrary to law and our rules but is, in my opinion, an affront to the Oklahoma Board of Bar Examiners, an outstanding group of lawyers who are appointed by each Justice on this Court and in whom we have reposed our trust for over four decades. The result of the majority opinion, which I believe to be totally nonsensical, would eviscerate Rule Two as we know it and have applied it for decades.

¶21 Under our Constitution, our Supreme Court controls the practice of law within the State of Oklahoma and we, therefore, are the gatekeepers for those who wish to obtain the privilege of the practice of law, either by taking and passing the Oklahoma State Bar examination or reciprocity under Rule Two.

¶22 The majority opinion would effectively amend Rule Two and allow admission of this applicant based solely on being on active military duty.

¶23 To do so would, in my humble opinion, make this a special law that gives disparate treatment to a vastly large group of potential applicants, i.e., those presently serving as military lawyers across our nation and around the world.

¶24 This "giant step", notwithstanding its clear violation under Rule Two, would set the precedent to allow any JAG officer in all branches of our military service to be admitted to the practice of law in Oklahoma without fulfilling our requirements under Rule Two.

¶25 The dangerous step the majority takes, solely out of considerable sympathy for Major Green's position, would have the potential for future litigation.

¶26 No other state has ever taken this giant and dangerous step of wiping out the specific time of actual and continuous practice in a reciprocal state as the majority opinion would do. The majority opinion, if adopted, would result in unfair and disparate treatment not only to those out of state lawyers seeking admission by motion under Rule Two, but to all licensed lawyers now practicing within our state, which has suffered an economic downturn not seen in many years. Lastly, under our existing Rule Two, Major Green has two options available to him: 1) to wait several more years until he has five of the last seven years of continuous practice in the State of Virginia, or 2) sit for and successfully complete the Oklahoma Bar examination.

¶27 Therefore, I dissent.

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 32, 752 P.2d 1125, Reinstatement of Kamins, Matter of
Discussed
 1939 OK 378, 95 P.2d 113, 185 Okla. 505, In re INTEGRATION OF STATE BAR OF OKLAHOMA
Discussed
 1991 OK 49, 811 P.2d 1320, 62 OBJ 1672, Carlson Reserve Corp. v. State ex rel. Oklahoma Employment Sec. Com'n
Discussed
 1997 OK 26, 934 P.2d 1082, 68 OBJ 909, Minie v. Hudson
Discussed
 2001 OK 110, 37 P.3d 882, 72 OBJ 3672, KEATING v. EDMONDSON
Cited
 1921 OK 163, 201 P. 377, 83 Okla. 217, CARLILE v. NATIONAL OIL & DEV. CO.
Discussed
 1967 OK 90, 431 P.2d 423, FORD v. BOARD OF TAX-ROLL CORRECTIONS
Discussed
 1972 OK 151, 504 P.2d 407, R.J. EDWARDS, INC. v. HERT
Discussed
 1996 OK 11, 911 P.2d 272, 67 OBJ 542, Cox v. Dawson
Discussed
 2011 OK 85, 264 P.3d 1229, KIMBLE v. KIMBLE
Cited
 2013 OK 18, 300 P.3d 1188, BERTRAND v. LAURA DESTER CENTER
Discussed
 2013 OK 29, 343 P.3d 1266, ARBUCKLE SIMPSON AQUIFER PROTECTION FEDERATION OF OKLA., INC. v. OKLA. WATER RESOURCES BD.
Discussed
 2016 OK 12, 367 P.3d 916, IN THE MATTER OF THE REINSTATEMENT OF BODNAR
Discussed
 1979 OK 130, 600 P.2d 1223, ARCHER v. OGDEN
Discussed at Length
 1927 OK 447, 263 P. 1096, 129 Okla. 153, CHARLEY v. BRITTON-JOHNSON OIL CO.
Discussed